## CONTINENTAL INS. CO. v. PREVOST et al.
### No. 1318.

Court of Appeal of Louisiana. First Circuit.
May 8, 1934.

Lemle, Moreno & Lemle and Chas. Kohlmeyer, Jr., all of New Orleans, for appellant.

Arthur J. Finney, of Covington, for appellees.

LE BLANC, Judge.

This is a suit to enforce an obligation which the plaintiff, Continental Insurance Company, contends Dr. J. Lester Watkins incurred towards it on a bond which he signed as surety for James Prevost, principal thereon.

The lower court rejected the demand as presented against Dr. Watkins, and the plaintiff has appealed.

Prevost was employed by the plaintiff for the purpose of soliciting and writing fire insurance in the parish of St. Tammany, for which he was to receive or be paid a certain commission on all premiums due on policies issued by him. Under his contract with the plaintiff he was to furnish a bond in the sum of $2,500 to guarantee the payment by him to the company of all moneys collected or received by him for premiums on policies written by him or renewals thereof, or for any other account whatever. In addition thereto, the bond guaranteed the faithful performance on the part of Prevost of all duties assigned to him as agent of the company, according to the best of his ability and in accordance with the instructions given to him. He furnished such bond with Dr. Watkins as surety.

Prevost wrote quite a volume of business for the company and made remittances for premiums in a good amount, but, for reasons which are not shown, abandoned the agency. Plaintiff, claiming that he owed a balance of $724.90, instituted this suit against him and impleaded his surety on the bond as party defendant. Prevost made no appearance in the suit and judgment went against him by default. Dr. Watkins, for answer, admitted signing the bond, but denied that the liability alleged against him came within its stipulations.

There is no doubt, in our minds, that Dr. Watkins' liability as far as the petition of the plaintiff discloses, is circumscribed within the terms of the bond which he signed as surety. It appears a bit significant that the petition contains no allegation that the demand made against him is for moneys collected or received by Prevost for premiums on policies issued by him or renewals thereof or for any other account of the plaintiff. Dr. Watkins filed no plea or exception to the petition, however, and tendered the issue on the trial of the case on its merits.

Plaintiff has not proved that Prevost actually collected or received payment of the premiums on which the claim is based. In fact, counsel seem to admit that direct proof to that effect cannot be produced due to the fact that Prevost did not keep any books or accounts and that he was not available as a witness. They also properly suggest the impracticability, if not impossibility, of putting each and every policyholder on the witness stand to prove the payment of his premium by him. They tendered and submitted proof to show the custom of doing business among insurance companies and their agents and contend that the natural inference to be drawn from such custom is that Prevost did collect and receive the premiums. Such proof, in our opinion, might have had some value as against Prevost in determining the effect of the contractual relation between himself and the plaintiff, but it certainly can have no binding effect against Dr. Watkins who can only be held on his contract of surety, which, under the law, has to be strictly construed. "Suretyship can not be presumed; it ought to be expressed, and is to be restrained within the limits intended by the contract." C. C. art. 3039.

It is argued that the district judge, by his very reasons for judgment, holds that Prevost has collected the money when he states that some of the testimony clearly showed that he owes the plaintiff for the premiums on which the suit is based. The holding of the court that the surety on the bond is not liable notwithstanding this finding of fact, is said to be anomalous. The district judge, however, did not state that Prevost had collected or received the money which he may nevertheless owe. Prevost had no doubt extended credit to some of his policyholders on premiums due by them, as he had the right to do, and, in that way, he may very well be said to have incurred his obligation to the plaintiff, but that would not bind his surety on his bond who had obligated himself to pay for that which his principal had collected or received only, and not all that he may have owed. We therefore fail to find

the inconsistency which counsel have attempted to point out in the written reasons for judgment of the district judge.

█ Counsel for plaintiff lay great stress on that other provision in the bond under which the surety also guaranteed the faithful performance by his principal of all duties that may be assigned to him as agent of the company, and it is urged that if his liability does not arise under the first clause, he certainly can be held under this second provision. But here again, it is noted that the petition of plaintiff makes no reference whatever to this broad provision in the surety contract. The only direct violation of the contract charged against Prevost in this suit is his failure to have remitted for certain premiums which he owed plaintiff, and, as to these, the surety is not liable unless it be shown that they have been collected or received by the principal on the bond. That was the one and only issue Dr. Watkins was called on to meet, and this he has done. Any other act or omission of duty which may have amounted to unfaithfulness on the part of Prevost in the performance of his duties as agent is not relevant to that issue and cannot be considered here.

█ The present suit was filed November 12, 1930. The month following, the exact date not being mentioned therein, there was some form of agreement entered into and signed by James Prevost, Dr. Watkins, and the Continental Insurance Company. The agreement impresses us as being an attempt on the part of Prevost to adjust his differences with the Continental Insurance Company. In it, both he and Dr. Watkins are made to declare that they have recognized their liability in the suit filed by plaintiff and that they desire to make monthly payments of the amounts due. These monthly payments are to be represented by notes signed by James Prevost and indorsed by his brother, Harry Prevost. One of the considerations for the giving of said notes, as expressed in the agreement, is that the Continental Insurance Company shall not 'press the suit instituted against Prevost and Watkins and that these shall not do anything in said suit to prejudice the rights of the insurance company. It is also stipulated therein that the taking of the notes is not to constitute a novation of the debt, nor a settlement thereof, but that should any of them become due and unpaid, the Continental Insurance Company shall have the right to sue upon them or else return them and "prosecute its claim in the suit hereinabove described with the same legal effect as if the said notes had never been given."

Plaintiff has elected to prosecute its suit, and, therefore, the only logical inference to be drawn or the only reasonable conclusion to be reached is that the notes have been returned, and the legal effect, as aptly expressed in the agreement itself, is the same as if they had never been given. Plaintiff has chosen, as it had the right to do, to ignore the agreement and rely on its suit. Any liability recognized in the agreement, therefore, in our opinion, has passed out of consideration as surely plaintiff, under its very terms, could not take advantage of the agreement and at the same time prosecute its suit. That was the view held by the district judge and we believe the proper one to take of the matter.

The judgment appealed from is in all respects correct and is accordingly affirmed.

ELLIOTT, Justice (dissenting).

I agree with the majority of the court that if the liability of Dr. Watkins is to be judged solely under the terms of the bond sued on he is not liable, but I think he has made himself liable by an agreement which he signed with James Prevost and Continental Insurance Company. The document bears a December, 1930, date, but the day is left blank. It stipulates as follows:

"Whereas on the 8th day of November 1930 the Continental Insurance Co filed suit against James Prevost and Dr J Lester Watkins in the 22nd Judicial District Court for the Parish of StTammany for the sum of $724.90 to-gether with interest and costs and Whereas the said James Prevost and Dr J Lester Watkins have recognized their liability in said suit and desire to make monthly payments for the amount due. Now therefore it is agreed between the parties hereto as follows."

The subsequent part of the agreement mainly has reference to notes which James Prevost signed with Harry Prevost as indorser and to the rights of the parties in case the notes are not paid. The balance of the agreement is not copied due to its length, etc.

Dr. Watkins, defendant, questioned about this document, said:

"Q. Dr. Watkins in this (counsel reads document to witness), Whereas the said James Prevost and Dr. J. Lester Watkins have recognized their liability in said suit and desire to make monthly payments on the amount due * * *, do you remember having that read to you? A. I guess so. I don't remember.

"Q. This clearly recognizes your liability in the suit, does it not? A. According to that document."

The plaintiff did not sue on this document but offered it in evidence in rebuttal of the claim of Dr. Watkins that he was not liable for the amount claimed of him. Defendant Watkins objected on the ground that it extended the time, etc., and discharged the surety on the bond. This objection would be a defense under Civil Code, art. 3063, in certain cases, but was untenable under the terms of the article. It was not objected to as a compromise. The objection urged against it only can be regarded in acting on its admissibility. Mitchell v. D'Armond, 30 La. Ann. 396, and many others to the same effect could be cited. I think the agreement amounts to a confession under the Civil Code, art. 2289, against which no claim of error, mistake, or fraud is urged. It has the effect of a law between the parties in the matter of liability. Civil Code articles 1901, 1945, and 1963. On account of this agreement, I think there should be judgment in favor of the plaintiff as prayed for.