**HOME INS. CO. v. VOORHIES CO.,**
Inc., et al.

No. 1614.

Court of Appeal of Louisiana. First Circuit.

June 9, 1936.

Voorhies & Labbe, of Lafayette, for appellants.

Welton P. Mouton, of Lafayette, for appellee.

OTT, Judge.

The plaintiff insurance company sues the defendant Voorhies Company, Inc., for the sum of $346.53, being the amount of the balance alleged to be due plaintiff for premiums on policies issued by the said defendant as agent for plaintiff company during the year 1932. Plaintiff has also joined in the suit Fred Voorhies, Mrs. Nina Brown, wife of Fred Voorhies, and Paul Chastant, who signed a guaranty agreement for said agent, Voorhies Company, Inc.

The minutes of the trial court show that an exception of vagueness was filed by all defendants on November 13, 1934, and that this exception was overruled on November 26, 1934. We do not find the exception in the record, and, as no mention is made of it in this court, we will not consider the exception.

The Voorhies Company filed a separate answer, in which it denied owing plaintiff the amount claimed. Defendant claimed that it did not owe the amount, for the reason that plaintiff reserved the right to cancel all policies written by defendant as agent, and that on December 24, 1932, plaintiff telegraphed defendant that it

would send cancellation notices direct to policyholders on December 31, 1932, on which date the unearned portion of premiums on said policies amounted to $376, for which amount defendant was entitled to a credit, leaving it owing plaintiff nothing.

The other defendants, who, for the sake of brevity, will be referred to, as the guarantors, filed a joint answer in which was included an exception of no cause or right of action, based on the ground that plaintiff had not first proceeded against and discussed the property of the agent, Voorhies Company. By agreement, this exception was referred to the merits. These guarantors made the same answer as the Voorhies Company, and, in the alternative, alleged that they were not indebted to plaintiff, for the further reason that under the terms of the agreement which they signed their obligation only extended to guaranteeing payment by the agent of all moneys which came into its hands, and that said agent, Voorhies Company, Inc., has on its books uncollected premiums on policies written by it for plaintiff amounting to more than is claimed in this suit; that guarantors are not liable for uncollected premiums.

Judgment was rendered against the Voorhies Company, Inc., and the guarantors, in solido, for the amount of unpaid premiums sued for, and further judgment was rendered against the guarantors for $75 attorneys fees. All defendants have appealed. Plaintiff has answered the appeal, and has asked that the judgment be increased by 10 per cent. for a frivolous appeal.

The first question to decide is whether or not the agent, Voorhies Company, Inc., owes plaintiff a balance for premiums on policies issued by it for plaintiff. We do not interpret the answer of the Voorhies Company nor its defense in the case as denying the correctness of the charges for premiums on policies as listed in the statement attached to the petition, but we understand this defendant contends that these charges are compensated and set off by reason of the credits which it claims are due it for unearned premiums on the policies by reason of their cancellation direct by plaintiff on December 31, 1932. The answer not only leads to this conclusion but the testimony produced by this defendant supports the same conclusion.

This being the situation, it follows that defendant bears the burden of proving that these premium charges against it have been paid or otherwise discharged. Pretermitting the question of whether or not the allegations in the answer in support of the set-off or credits were sufficiently specific to admit evidence in support thereof, we do not find that defendant has proven that it is entitled to any more credits than it has been given. It is significant that defendant Voorhies Company made a payment of $100 on this premium account on January 12, 1933, and another payment of $60 on July 20, 1933. Although this last payment was made more than six months after defendant claims that the policies were canceled by plaintiff direct, no complaint was made that proper credit had not been given for unearned premiums. It appears that as late as May 7, 1934, a demand was made on the president of the Voorhies Company for payment of the exact amount as is now claimed in this suit, and, so far as the record discloses, no claim was then urged for credits on account of canceled policies.

In October, 1933, the Voorhies Company transferred all of its expirations on policies written by it for plaintiff to another insurance agency in Lafayette, and in that transfer recognized that it was a debtor of plaintiff company by authorizing the purchasing agency to apply the commissions accruing from a renewal of these expirations for a certain time in payment of the balance due certain creditors of the Voorhies Company, including plaintiff. It is obvious that the Voorhies Company did not at that time understand or contend that plaintiff had canceled all of its policies direct on December 31, 1932, for in such case there would have been no expirations of policies in plaintiff company to be renewed.

Moreover, the special agent testifies that the plaintiff company did not cancel the policies direct, as it found that such a course would not pay, as most of the premiums had been collected by the agent, and cancellations direct would have required plaintiff to advance the unearned premiums on the policies on which the holders had paid the agent the premiums. The special agent and state agent of plaintiff company checked the books of the Voorhies Company with an employee of the agent familiar with the records the latter part of December, 1933, or the first part of January, 1934, and only one or two policies show cancellation on the report made from that examination. If the home office had can-

celed these policies a year previous to that time, it is reasonable to assume that the local agent or at least these two special agents would have known something about it. The detailed statement annexed to the petition shows a credit to the agent for unearned or return premiums of $11.18 for July and $25.87 for August, 1933. These credits apparently are the only ones accruing to the agent for return premiums in 1933.

■ On December 24, 1932, the state agent of plaintiff wired the Voorhies Company that, unless the premiums or canceled policies were received before December 31st, he would register cancellation notices direct. Defendant seems to rely almost entirely on this telegram to prove that these policies were canceled direct. The mere fact that the state agent threatened to cancel the policies direct does not prove that he did so. On the contrary, as already stated, the testimony shows that the policies were not canceled direct.

The judgment against the Voorhies Company, Inc., for the amount claimed is correct.

■ The exception of no cause or right of action filed by the guarantors, based on the ground that plaintiff had not first proceeded against and discussed the property of the Voorhies Company, Inc., is without merit. We interpret the instrument as creating an obligation in solido on the part of the guarantors with the agent to plaintiff company. In such case, the plea of division and discussion is not available to the sureties. Civ.Code, art. 3045. And, in any event, irrespective of the solidary liability of the guarantors, there is nothing to prevent the plaintiff from joining the guarantors in the same suit with the principal debtor. Civ.Code, art. 3051.

■ The guarantors further urge that the guaranty agreement signed by them was without consideration, as they signed said instrument at a time subsequent to the agency contract between plaintiff and the Voorhies Company, and that the past consideration inuring to the Voorhies Company is not sufficient, and there was no new or independent consideration. This defense is also without merit. In the first place, under the jurisprudence of this state, the pre-existing debt of a third party is a sufficient consideration for a contract of guaranty. Commercial National Bank v. Richardson, 163 La. 933, 113 So. 152. In the second place, all of the guarantors were stockholders and officers in the Voorhies Company, Inc., and as such had an interest in maintaining its credit and promoting its business. This fact in itself is sufficient consideration for the guaranty. Commercial National Bank v. Richardson, supra; Martin v. McCloskey, 155 La. 604, 99 So. 477.

In the guaranty agreement these guarantors bind themselves to plaintiff for the faithful performance by the Voorhies Company, Inc., of all its duties as agent, and the faithful and proper accounting for and payment by said agent of all moneys of the said Insurance Company "coming into its hands." The guarantors agreed to hold plaintiff harmless against any loss or expense which it may incur by reason of any failure of said agent to fully perform its said duties or make payment as aforesaid. Plaintiff alleges in its petition that the agent, Voorhies Company, Inc., "received" the moneys due it by said agent as shown on the statement. Defendants deny this allegation.

■■ Suretyship is strictly construed; it must be restrained within the limits intended by the contract. Civ.Code, art. 3039. The guarantors only obligated themselves to pay plaintiff for moneys coming into the hands of the agent, or for loss or expense incurred by plaintiff by reason of the failure of the agent to perform its duty. No allegation is made in the petition that the agent failed to discharge its duty as agent other than its failure to remit for the moneys coming into its hands belonging to the plaintiff. It follows that under the issue as thus raised by the guarantors it was incumbent on plaintiff to prove, in order to hold the guarantors, that the agent received the premiums for which recovery is sought. The mere fact that plaintiff has alleged and proved that the agent is due it the amount claimed for premiums on policies issued for plaintiff is not in itself sufficient to hold the guarantors for the amount due by the agent. Plaintiff must also show that the agent collected or received these premiums in order to hold the guarantors. This plaintiff has failed to do.

The evidence shows that the agent extended credit to many policyholders. The plaintiff was not only aware of this practice, but acquiesced in it by facilitating the agent in collecting from the customer in giving the agent the right to cancel a policy within 60 days without any premium charge where the customer failed to pay.

A witness for the Voorhies Company testified that the total uncollected premiums on policies issued for plaintiff amounted to $333.38. The lists made up by the two special agents of plaintiff and an employee of the agent shows a much smaller amount uncollected. We are not able to determine from the record the amount of premiums collected or received by the agent and not remitted, and therefore we are unable to fix the extent of the liability of the guarantors. Plaintiff should not be precluded from proving, if it can and desires to do so, these facts as against the guarantors. As to the guarantors, we will enter a nonsuit against plaintiff.

In reaching this conclusion, we are following a ruling of this court in the recent case of Continental Ins. Co. v. Prevost et al., 154 So. 671, where almost identical facts were presented.

For the reasons assigned, it is ordered, adjudged, and decreed that the judgment in favor of plaintiff and against the defendant Voorhies Company, Inc., be, and the same is hereby, affirmed at the cost of said defendant. It is further ordered that the judgment in favor of plaintiff and against defendants Fred Voorhies, Mrs. Nina Brown, wife of said Fred Voorhies, and Paul Chastant, be, and the same is hereby, annulled, avoided, and reversed, and it is now ordered that plaintiff's suit as to said defendants be dismissed as in case of nonsuit, and at the cost of plaintiff.