### GEORGE MOROY CIGAR & TOBACCO CO., Inc., v. HENRIQUES et al.*

### No. 16897.

Court of Appeal of Louisiana. Orleans.

Nov. 14, 1938.

*Rehearing denied Nov. 28, 1938.

F. Rivers Richardson, of New Orleans, for appellant.

Henriques & Duchamp, of New Orleans, for appellees.

JANVIER, Judge.

The George Moroy Cigar & Tobacco Company, Inc., is engaged in the sale of tobacco products. During the year 1934, Vivien N. Henriques, apparently a retailer of such products, purchased stocks of merchandise from the Moroy Company. On May 1, 1934, Henriques, on the demand of the cigar company for a continuing guaranty, prevailed upon Eva A. Brandao and Medeille Brandao to sign as sureties a document reading as follows:

"In consideration of Geo. Moroy Cigar & Tobacco Co., Inc., at my request, giving or extending credit to Vivien N. Henriques hereinafter called the Debtor, I do hereby give this Continuing Guaranty to said Geo. Moroy Cigar & Tobacco Co., Inc., hereinafter called the Company, its successors and assigns, for the payment in full, together with all interest, attorney's fees, costs and charges of whatsoever nature and kind, of any indebtedness of said Debtor to said Company, up to the amount of Three Hundred Dollars ($300.00), whether due or to become due, now existing or hereafter arising.

"I hereby waive notice of acceptance of this guaranty, and all notices of the amounts advanced hereunder, and all notices of defaults by said Debtor and consent and agree to any extensions of the time of payment of said indebtedness, or of any portion thereof, and to any change in the form of or renewal, at any time, of said indebtedness, or of any evidence thereof taken by said Company.

"I hereby waive all pleas of division and discussion and bind myself in solido with said Debtor for the payment of said indebtedness precisely as if the same had been contracted and was due or owing by me in person, hereby agreeing to, and binding myself by all the terms and conditions contained in any note or notes, or other agreements or evidences of indebtedness, signed or to be signed by said Debtor, and agree to pay the full amount of said indebtedness, together with all interest, attorney's fees, costs and charges as above set forth.

"It is expressly agreed that this continuing guaranty is absolute and complete and the same shall continue in force until written notice of its discontinuance shall be served upon one of the executive officers of said Company, but such discontinuance shall not affect my liability on any indebtedness or obligations of the debtor then existing. This guaranty shall extend to my heirs, administrators, executors and assigns, and in the event of my death, I hereby bind my heirs, administrators, executors and assigns, for all advances made hereunder until knowledge of such death shall reach said Company.

"In witness whereof, I have hereunto set my hand and seal at the city of New Orleans, La., on this the 1st day of May, 1934, in the presence of the undersigned competent witnesses.

"(Signed)   Eva A. Brandao
"(Signed)   Madellie Brandao
"Witnesses:              5207 Magazine St.
"(Signed)   Doussan D. Rando,
                "2020 Lapeyrouse
"(Signed)   Mrs. D. N. Henriques,
                "4236 Jena."

Thereafter, merchandise was sold by the cigar company to Henriques.

The company alleges that there is due by Henriques a balance of $1,971.42 and it seeks judgment against him with interest and costs for that amount and it also prays

for judgment against each of the guarantors in the sum of $300, with interest and costs, and in addition prays for the recovery from each of the guarantors of $60 as an attorney's fee. It contends that $60 is a reasonable fee in each instance and that a reasonable attorney's fee is stipulated for in the continuing guaranty.

Henriques made no defense and judgment was rendered against him for the full amount claimed. Each of the guarantors conceded liability under the agreement, but asserted that it should be construed only as a solidary obligation for a total of $300 and that each could not be held severally liable for $300. They also contended that there was no liability in them for attorney's fees, or costs, or interest beyond the said limit of $300.

After the suit had been filed the guarantors made formal tender of $300, which was refused. In their answer they declared their willingness to pay $300 but no more and prayed that such judgment as might be rendered against them be limited to $300, less such costs as they themselves had been required to expend.

There was judgment below against them solidarily for $300, with legal interest from judicial demand, but assessing court costs against the plaintiff. Plaintiff has appealed.

█ Defendants, appellees, though they have maintained that they owe no interest except such as may be included in the $300, have failed to answer the appeal or to appeal independently and they, therefore, now concede that they must be held liable for interest since the judgment cannot be amended in their favor, in the absence of an appeal or of an answer to the appeal.

Appellant points out as errors the failure of the District Court to render judgment against each of the guarantors for $300 and the failure of the District Court to render judgment for attorney's fees against each of the guarantors.

The principal question is whether or not the document evidences a solidary obligation, or several obligations included in one document. Plaintiff maintains that, in reality, the contract includes two separate agreements—one with each of the guarantors—and that, since there is no statement setting forth in express terms the solidarity of the obligation of the guarantors, each may be held for $300, attorney's fees, costs and interest.

Our attention is directed to Art. 2093 of the Revised Civil Code, which article reads as follows:

"An obligation in solido is not presumed; it must be expressly stipulated.

"This rule ceases to prevail only in cases where an obligation in solido takes place of right by virtue of some provisions of the law."

On behalf of plaintiff it is argued that, since neither the words "in solido", nor the word "solidary", appears in the agreement, the result is that because of the codal provision it is not a solidary agreement, but one in which several obligations are independently assumed by the respective guarantors. Our attention is directed to Art. 2078 of the Revised Civil Code, which reads as follows:

"Several obligations are produced, when what is promised by one of the obligors, is not promised by the other, but each one promises separately for himself to do a distinct act; such obligations, although they may be contained in the same contract, are considered as much individual and distinct as if they had been in different contracts, and made at different times."

█ It is true that the document does provide that each of the guarantors is bound solidarily with the debtor to pay the amount for which the guarantor is bound. But there is in the agreement no express statement that each of the guarantors is bound solidarily with the other guarantor, but we do not think that the codal article should be so strictly construed as to require that such words as "in solido" or "solidary" must actually appear in the contract in order that solidary liability may result. We agree with what was said by the Court of Appeal for the Second Circuit in Dodd v. Lake View Motors, Inc., 149 So. 278, 280:

"We do not think this last article [Art. 2093] means that the words 'in solido' must necessarily appear in the contract, agreement or obligation. It is sufficient if all of the essential elements of an obligation in solido are present. For instance, a promissory note made by several persons and reading, 'I promise to pay,' is an obligation in solido even though the specific words do not appear in the instrument."

If two or more persons sign an agreement in which each undertakes to be liable for the whole debt, the liability resulting should be solidary, though the word itself may not

be used. If the document sets forth facts evidencing an intent to be solidarily liable, that should be sufficient and should constitute the express stipulation required by Art. 2093 of the Code. Thus, it is the intent of the parties which must be determined.

The question is, did they intend their contract to expressly stipulate for solidary liability or not, or did they, on the other hand, intend that each should be liable for a different $300?

That it is the intent of the parties which should control in such situation was held by the Supreme Court in Nabors et al. v. Producers' Oil Co., 140 La. 985, 74 So. 527, 532:

" * * * Whether a contract is severable [several] or joint depends upon the intention of the contracting parties as revealed by the language of their contract and the subject-matter to which it refers."

Counsel for plaintiff calls attention to the fact that the contract is made in the singular—the word "I" being used instead of the plural "we"—and he argues from this that each intended to assume a separate, independent obligation for $300 and that they did not intend to assume the same obligation.

But we cannot be persuaded that that was what the parties intended. It appears to us inconceivable that, if it were intended that each should be liable for $300, such a contract as that before us would have been used. It is certain that it would have been clearly stated that each should be liable for $300 and that they should be jointly liable for $600.

In National Surety Co. v. Seaich, 171 App. Div. 414, 157 N.Y.S. 422, is found a situation which cannot be distinguished from that which now confronts us. There the court held that where several persons join as guarantors in the same continuing guaranty for a fixed amount, using the words "I, the undersigned, do hereby guarantee" [page 423], the resulting liability is solidary and the payment by any one of them of the amount stated discharges all of the others.

We conclude that it was not the intention of the parties at the time the contract was entered into that a total obligation of $600 should result and, accordingly, that the judgment limiting the liability against against the guarantors to $300 and holding them solidarily liable for this amount is not erroneous.

When the document itself is carefully analyzed it appears that the two guar-

antors did not assume liability for any attorney's fees, interest or costs, unless included within the $300 limit. They could have limited their obligation to this amount had they tendered $300 prior to the filing of this suit. But they did not do so and did not make tender until after the suit had been filed and even then did not include in their tender the court costs which had been incurred. The necessary result is that they are liable for such costs as may have been incurred.

They are not liable for any additional attorney's fees because they did not stipulate to pay attorney's fees which might be rendered necessary by the filing of this suit. All that they stipulated for was to pay such attorney's fees as might be required in any suit against Henriques, with a limit of $300 placed on their total liability in that suit.

For the reasons given it is ordered, adjudged and decreed that the judgment appealed from be and it is amended to the extent that the said defendants be and they are condemned for the payment of costs. In all other respects the judgment is affirmed.

Amended and affirmed.