223 So.2d 676 (1969)
The FLINTKOTE COMPANY
v.
Wilmer THOMAS et al.
No. 3486.
Court of Appeal of Louisiana, Fourth Circuit.
June 2, 1969.
*677 Lee K. Levy, New Orleans, for plaintiff-appellee.
Montgomery, Barnett, Brown & Read, Henry J. Read, Harold B. Carter, Jr., New Orleans, for defendants-appellants.
Before BARNETTE, GARDINER and LeSUEUR, JJ.
GARDINER, Judge.
The plaintiff, The Flintkote Company, filed this suit against defendants Wilmer J. Thomas, Milton Bernos, Jr., and the Succession of Milton J. Bernos, Sr., through the executrix, Mrs. Odessa A. Bernos, who is the widow of Milton J. Bernos, Sr., seeking to recover from them jointly and in solido the sum of $13,492.01 representing the balance alleged to be due for merchandise sold and delivered by the plaintiff to Interstate Manufacturing Company, Incorporation, (hereinafter referred to as Interstate) for which it alleges the defendants executed a written guaranty for all sums then due or to become due to the plaintiff by Interstate.
Several exceptions were filed by defendants which were overruled. The executrix of the Succession of Milton J. Bernos, Sr., filed an answer and separate answers were also filed by Wilmer J. Thomas and Milton J. Bernos, Jr., in which they generally denied the allegations of plaintiff's petition and plead alternatively that should the continuing guaranty be found to be validly executed, there should be division of the surety obligation as provided by LSA-C.C. art. 3049 by which the liability of each defendant would be one-third of the total amount due.
Following a trial on the merits, the district court gave written reasons and rendered judgment in favor of the plaintiff and against the defendants for the full sum of *678 $13,454.55 jointly and in solido, together with legal interest from judicial demand.
From that judgment only the executrix of the Succession of Milton J. Bernos, Sr., has appealed suspensively.
All parties stipulated that if judgment was rendered the amount owed is $13,454.55; that a continuing guaranty prepared by representatives of The Flintkote Company, was signed in Louisiana on February 8, 1966, by Milton J. Bernos, Sr., Milton J. Bernos, Jr., and Wilmer J. Thomas, as guarantors up to the amount of $15,000.00, which limitation was inserted in the document by Wilmer J. Thomas; and that the Louisiana law is to be applied in interpreting the guaranty.
The question for determination is whether the defendants are liable jointly each for his virile share, or whether their liability is in solido with each equally liable for the full amount the answer to which requires the interpretation of the provisions of the continuing guaranty.
The guaranty was executed by more than one person and there is no dispute that the obligation is "joint and several."
An obligation in solido on the part of the debtors exists when they are all obliged to the same thing, so that each may be compelled for the whole, and when the payment that is made by one of them, exonerates the others toward the creditors. An obligation in solido is never presumed, but must be expressly stipulated except in cases where an obligation in solido takes place of right by some provisions of the law. The creditor of an obligation contracted in solido may apply to anyone of the debtors he chooses without the debtors having the right to plead the benefit of division, and a suit brought against one of the debtors does not bar the creditor from bringing suit on the same account against the others. LSA-C.C. articles 2091, 2093, 2094, 2095.
The ultimate test of whether an obligor may be held for the whole or for only a proportionate part of the obligation is essentially whether the two obligors each promised the same or full performance or whether each promised only a different performance, that is to pay a proportionate part of the liability. Wilks v. Allstate Insurance Company, La.App., 195 So.2d 390; 4 Corbin on Contracts, sec. 925. When several persons obligate themselves to the obligee by the terms "in solido" or use any other expressions which clearly show that they intend that each one shall be separately bound to perform the whole of the obligation it is called an obligation in solido on the part of the obligors. Wilks v. Allstate Insurance Company, supra; LSA-C.C. art. 2082.
Several obligations are produced when what was promised by one of the obligors is not promised by the other, but each one promises separately for himself to do a distinct act; such obligations, although they may be contained in the same contract, are considered as much individual and distinct as if they had been in different contracts and made at different times. LSA-C.C. art. 2087. Nothing more is effected by such contracts than if each one of the obligors had entered into separate and distinct contracts and the relationship between the parties is kept as separate and distinct as if each had made a different contract for himself on a different date. In the same way, where one enters into a contract by which he agrees to give or to do something to a dozen persons, the contract would be several and has the same effect as if he had entered into several dozen contracts instead of including all of his obligations within one instrument. See Saunders' Lectures on the Civil Code, pp. 424, 430.
The joint obligation and the obligation in solido are not as easily distinguishable as is the several obligation; however in making the distinction, it must be borne in mind that an obligation in solido is never presumed and must be expressly stipulated as *679 set forth in LSA-C.C. art. 2093, which reads as follows:
"An obligation in solido is not presumed; it must be expressly stipulated.
"The rule ceases to prevail only in cases where an obligation in solido takes place of right by virtue of some provisions of the law."
Article 2080 of the Civil Code provides:
"When several persons join in the same contract to do the same thing, it produces a joint obligation on the part of the obligors."
Article 2082 does not require that the surety use the term "in solido," but may use any other expression denoting that they intend to be bound in solido; however, where the technical words are not used or where the language is not used that clearly expresses the intent to bind the obligors in solido, they are only bound jointly except in those instances where they are bound in solido by special statutory provisions. LSA-C.C. art. 2087.
In George Moroy Cigar & Tobacco Co. v. Henriques, La.App., 184 So. 403, our predecessor court expressed the opinion that Article 2093 of the Civil Code should not be so strictly construed as to require that such words as "in solido" or "solidary" must appear in the contract in order to create solidary liability, citing Dodd v. Lakeview Motors, La.App., 149 So. 278, in which that court said that it is sufficient if all of the essential elements are present and the document evidences an intent on the part of the parties to be solidarily liable. The court referred to a situation where the words "I, the undersigned, do hereby guarantee" bound the parties solidarily. In Rusca & Cunningham v. Hammett, 195 So. 642, the Court of Appeal Second Circuit, (cert, denied) stated that a note signed by six persons and reading "I promise to pay" is a joint and several obligation and each is bound for the whole debt, saying also "it is an in solido obligation."
The pertinent portions of the continuing guaranty in this case read as follows:
"* * * the undersigned M. J. BERNOS, SR., M. J. BERNOS,
 (NAME OF GUARANTOR)
JR. WILBUR THOMAS of_________________________________ (herein
 (ADDRESS OF GUARANTOR)
after called `Guarantor') does hereby guarantee to the Seller the payment in full of all sums now due or which may hereafter become due from the said Purchaser to the said Seller for goods, wares or merchandise heretofore or hereafter sold or delivered by the said Seller to or upon the order of the said Purchaser, and the Guarantor further promises and agrees to pay all such sums promptly on demand on or after the date of maturity."
The typewritten guarantee continues to refer to the guarantors in the singular and a later paragraph provides that:
"If this guarantee be executed by more than one person, the obligations of the Guarantors shall be joint and several." (Emphasis added.)
In handwriting is added the provision that: "Total guarantee limited to $15,000.00." The three guarantors signed the document.
The trial court concluded that the obligation was one in solido and that each guarantor was liable for the full amount up to *680 $15,000.00, and, as the amount was less, that each was liable for $13,454.55.
After reading the record and applying the applicable provisions of the Civil Code and jurisprudence of this State, we are convinced that there is no error in the judgment. It is clear that it was the intent of the parties to bind themselves in solido, although the express words "in solido" or "solidarily" were not expressly stated in the continuing guaranty signed by them. The limitation in the amount to $15,000.00 is immaterial as to the solidarity. It merely limited the amount that any or all could be compelled to pay.
There is no merit in the contention that the plaintiff has not its remedy against the principal debtor, Interstate, as this was settled by a rule in which the exception of prematurity was pleaded and overruled, and that judgment is now res judicata.
For the above and foregoing reasons, the judgment appealed from is affirmed. Appellant is to pay all costs of this appeal.
Affirmed.