552 So.2d 724 (1989)
Samuel B. KATZ and Marvin L. Jacobs d/b/a Village Square Shopping Center
v.
The INNOVATOR OF AMERICA, INC., Sterling P. Hebert, Jr. and Carey Edward LeGrange.
No. CA 88 1428.
Court of Appeal of Louisiana, First Circuit.
November 14, 1989.
*725 Stacey E. Grove, Baton Rouge, for plaintiff-appellee.
Steven Duplechain, Baton Rouge, for defendant-appellant.
Before LOTTINGER, CRAIN and LeBLANC, JJ.
LeBLANC, Judge.
This appeal is brought by defendant, Sterling P. Hebert, Jr., who claims that the trial court erred in granting plaintiffs' motion for summary judgment.
Plaintiffs, Samuel B. Katz and Marvin L. Jacobs, d/b/a Village Square Shopping Center (VSSC) leased a shop located in VSSC to the Innovator of America, Inc., for use as a clothing store. The lease, dated October 21, 1985, was signed on behalf of Innovator by Sterling P. Hebert, Jr. and Carey E. LeGrange, officers of the corporation. Additionally, Hebert and LeGrange, in their individual capacities, allegedly signed a guaranty, dated "... the ____ day of October, 1985", as security for the payments due under the lease.
According to the lease, Innovator was to pay a total of $2,100.00 monthly ($1,900.00 for rent, $140.00 for maintenance, and $60.00 for a merchants' association fee). In July and August of 1987, Innovator failed to pay the amounts due. Based on an acceleration clause in the lease, Katz and Jacobs filed suit against Innovator and the two officers for $33,600.00, the entire amount remaining due on the lease. Defendants answered and reconvened, alleging that plaintiffs failed to enforce a clause in the lease which required uniform business hours in VSSC. Defendants further alleged Innovator's business had suffered due to the breach, and therefore they prayed for $50,000.00 damages.
Thereafter, plaintiffs filed a motion for summary judgment on the main demand (i.e. the claim for the accelerated rent due under the lease). On February 17, 1988, the trial court granted plaintiffs' motion as to Innovator only.[1] Subsequently, on June 17, 1988, the trial court granted plaintiff's motion for summary judgment as to Sterling P. Hebert, Jr. Judgment was rendered against Mr. Hebert for $33,600.00, with legal interest from date of judicial demand, plus attorney's fees in the amount of $3,360.00. Mr. Hebert appeals this judgment, raising several assignments of error.
In his first assignment of error, Mr. Hebert asserts that the trial court erred by granting an improper partial summary judgment against him. More specifically, *726 Mr. Hebert contends that the trial court acted improperly in casting judgment against a surety before the validity of the principal obligation had been established. He argues that the trial court should have waited for the summary judgment against Innovator to become definitive before ruling on the motion for summary judgment against the guarantors, Mr. Hebert and Mr. LeGrange.
We note that the contract of guaranty is equivalent to a contract of suretyship. Guar. Bank & Trust Co. v. Jones, 489 So.2d 368 (La.App. 5th Cir.1986). We also recognize that the contract of suretyship represents an accessory promise which falls if the underlying obligation is extinguished. La.Civ.Code arts. 3035, 3059.[2] However, the accessorial nature of the contract of surety does not obligate the creditor to first proceed against the principal debtor rather than the surety to enforce a debt. Bordelon v. Smith, 506 So.2d 788 (La.App. 1st Cir.), writ denied, 512 So.2d 1178 (1987). The creditor may sue the surety only, or he may join the surety and the principal in the same suit and get a judgment against both. Id. However, the invalidity of the principal debt generally may be raised by the surety as a defense to the creditor's action. La.Civ.Code art. 3060.
Since plaintiffs could have sued Mr. Hebert alone for the amounts due under the lease rather than filing suit against Innovator, Hebert and LeGrange, we find no error in the trial court's technical use of the summary proceedings. See Code of Civ.P. art. 1915(A)(3).
Next, Mr. Hebert contends that two material issues of fact are raised concerning the guaranty contract. He claims that there is a question of fact regarding whether he received any consideration for the execution of the guaranty and that there is a question of fact regarding when the lease and guaranty were actually executed. After considering these arguments, we find there is no genuine issue as to material fact. La.Code Civ.P. art. 966.
With respect to the argument regarding consideration, appellant contends that the guaranty is null and void due to a lack of consideration for the contract. In an affidavit, Mr. Hebert asserted the following facts.
. . . . .
THAT neither he [Mr. Hebert] nor Carey Edward LeGrange, the other officer of Innovator, executed the lease on October 21, 1985, but in fact executed said lease in January or February, 1986;
THAT Innovator was in possession of and occupying the space which is the subject space described in the lease;
THAT Innovator had in fact continuously occupied the space which is the subject of the lease for many months prior to the actual execution of the instant lease in January or February, 1986;
THAT affiant received no consideration for the execution of the guaranty which is attached to the lease and which forms a part of the basis of the claim against affiant and which is dated October ___, 1985;
THAT in fact the guaranty was not executed until some time in February, 1986, many months after Innovator was in possession of and occupying the leased space;
. . . . .
By raising these facts, appellant seeks to modify the terms of the contracts in question by the use of parol evidence. Generally, parol evidence is inadmissible to vary or contradict the clear and unambiguous terms of a written instrument. However as between two parties to an instrument, parol evidence has always been admissible to establish the want or failure of consideration. Scafidi v. Johnson, 420 So.2d 1113 (La.1982); Hogan v. McKeithen, 527 So.2d 982 (La.App. 2d Cir.1988). Thus, we are able to consider appellant's allegations *727 set forth in his affidavit. Nevertheless, after considering the facts set forth in appellant's affidavit, we find no material issues of fact with respect to appellant's argument regarding lack of consideration for the guaranty.
Appellant claims that Innovator was already occupying the lease premises prior to the execution of the lease and guaranty and, as a result, when the lease and guaranty in dispute were executed there was no new or independent consideration to support the guaranty. This claim is meritless. The mere fact that Innovator may have been in possession of the leased premises prior to the execution of the lease and guaranty in question does not raise a material question of fact regarding consideration for the guaranty. Appellant does not allege that this occupancy was pursuant to a valid lease with a fixed term. The right of the corporation to occupy the premises for a three year fixed term is clearly adequate consideration to support the lease and guaranty.
Additionally, appellant argues that there is no consideration to support the guaranty because the execution and delivery of the lease was not contemporaneous with the "execution" of the guaranty. Even assuming that the guaranty was executed approximately one month after the lease was signed, as appellant argues, we determine that there was sufficient consideration for the guaranty. The jurisprudence establishes that the pre-existing debt or obligation of a third party is a sufficient consideration for a contract of guaranty. Commercial Nat. Bank v. Richardson, 163 La. 933, 113 So. 152 (1927); Home Ins. Co. v. Voorhies Co., 168 So. 724 (La.App. 1st Cir.1936). Furthermore, in this case, Mr. Hebert, as an officer of Innovator, had an interest in promoting the business of the corporation. This fact also supports a finding of sufficient consideration for the guaranty. Home Ins. Co. v. Voorhies, supra.
Mr. Hebert further argues that a material issue of fact exists regarding which document (the lease or guaranty) was executed first. He argues that if the guaranty is executed prior to the principal agreement, it cannot be enforced, relying on BNO Leasing Corp. v. Hollins & Hollins, Inc., 448 So.2d 1329 (La.App. 5th Cir.), writ denied, 450 So.2d 961 (1984). Without addressing the proposition of law urged by appellant, we also find that appellant's Second Amending Answer defeats his argument. In this answer, Mr. Hebert and the other defendants in this suit asserted that "... the lease agreement ... was not actually signed until January or February, 1986 and the signatures appearing on the guaranty were affixed thereto sometime thereafter...." Thus, appellant has admitted that the principal obligation was executed prior to the guaranty. Therefore, no material issue of fact is raised regarding the dates upon which the lease and guaranty were executed.
Next, appellant argues that the trial court erred in allowing the affidavit of plaintiff, Mr. Samuel B. Katz, into evidence. Appellant contends that the trial judge improperly denied appellant's motion to strike this affidavit.
Mr. Katz's affidavit sets forth that he is the landlord of the premises leased to Innovator pursuant to a lease dated October 21, 1985, that he had control of the books and records pertaining to this lease and that an examination of these records establish that Mr. Hebert and Mr. LeGrange are indebted to plaintiffs for the amount of $33,600.00, together with legal interest and attorney's fees.
Appellant's primary contention regarding this affidavit is that its contents are conclusions of law rather than facts within Mr. Katz's personal knowledge. Appellant contends that plaintiffs' motion for summary judgment would fail if the contents of the affidavit are struck from the record.
We find those portions of Katz's affidavit stating that Hebert and LeGrange are liable and that they owe judicial interest and attorney fees are conclusions of law and were not made on Katz's personal knowledge. Accordingly, those portions of the affidavit should not have been considered by the trial court. See Atkinson v. Allstate Ins. Co., 361 So.2d 32 (La.App. 3d *728 Cir.), writ denied, 363 So.2d 535 (1978); McWhiney v. Travelers Ins. Co., 343 So.2d 736 (La.App. 2d Cir.1976), writ denied, 345 So.2d 901 (La.1977). However, Katz's statements concerning the information within his books regarding amounts due under the lease were clearly based on his personal knowledge and were therefore properly before the trial court. Nevertheless, we find that if the entire affidavit were struck from the record, the contents of the lease agreement and the admitted fact that Innovator failed to pay the rent due under the lease in July and August of 1987 is sufficient evidence to determine Innovator's liability pursuant to the lease. Accordingly, we find no error in the trial court's refusal to strike Mr. Katz's affidavit.
Finally, in the alternative, appellant argues that the trial court erred in rendering judgment against him for the full amount of the debt due under the lease. He asserts that the judgment against him should be for his virile share of the debt, only; he contends that when the guaranty was executed, he intended to obligate himself for only one-half of the debt. Mr. Hebert contends that, in effect, the trial court erroneously denied his timely plea of division.[3]
We agree. Although a creditor may proceed against a surety for the full amount of a debt without proceeding against the principal debtor, where there is more than one surety liable for the debt, the surety may plead the benefit of division. La.Civ.Code art. 3049. To the extent that sureties are bound to pay the debt of the principal, they are in effect solidarily bound with the principal. However, a true solidarity does not exist because the solidarity may be defeated by the benefit of division. Bordelon v. Smith, 506 So.2d at 792. Nevertheless, the plea of division will not benefit a surety if he has expressly bound himself in solido with another surety. Flintkote Company v. Thomas, 223 So.2d 676 (La.App. 4th Cir.1969).
In the present case, appellant did raise the plea of division, timely. However, appellees claims that division of the debt is inappropriate because there is, in essence, only one guarantor; they contend that Mr. LeGrange denies the signature on the guaranty to be his own and that the record establishes that Mr. LeGrange did not execute the guaranty.
Appellees' argument regarding LeGrange's claims of an invalid signature is not supported. Appellees refer to deposition testimony of Mr. LeGrange. However, this deposition was never filed into the record or admitted into evidence. We are not able to consider evidence outside of the record. Franklin v. City of Baton Rouge, 525 So.2d 674 (La.App. 1st Cir. 1988). Appellees also refers to a statement allegedly made by Mr. LeGrange in response to a Request for Admissions of Facts propounded by plaintiffs. Again, appellees contends that, in this statement, Mr. LeGrange denied that his signature appeared on the guaranty. After a thorough review of the record, we find no such statement by Mr. LeGrange in response to plaintiffs' Request for Admission of Facts.
Therefore, after considering the pleadings, affidavits and admissions on file at the time that judgment was rendered against Mr. Hebert[4], we find that no issue was raised regarding the validity of Mr. LeGrange's signature on the guaranty. Accordingly, we find the guaranty should be interpreted based on the language and signatures presented within the four corners of the agreement.
The pertinent language of the guaranty provides:

GUARANTY
In order to induce Samuel B. Katz and Marvin L. Jacobs, d/b/a Village Square *729 Shopping Center, (hereinafter referred to as "Landlord"), to execute and deliver a certain lease of even date herewith, by and between The Innovator of America, Inc. d/b/a INNOVATOR (Tenant's Name) (hereinafter referred to as "Tennant"), (a subsidiary of the undersigned), relating to certain store premises in Village Square Shopping Center, in the City of Baton Rouge, State of Louisiana, Sterling P. Hebert, Jr. and Carey Edward LeGrange (Individual's Name) (hereinafter referred to as "Guarantor(s)"), does hereby guarantee the prompt, full and faithful performance by Tenant of all agreements, covenants, obligations and acts to be performed by Tenant under the provisions of said lease....
Following this language are the purported signatures of Sterling P. Hebert, Jr. and Carey LeGrange.
The issue to be decided is whether Mr. Hebert bound himself jointly with Mr. LeGrange, agreeing to be liable for his virile share, or whether he bound himself in solido, agreeing to be liable for the full amount of any debt arising pursuant to the lease.
This same issue was raised in Flintkote where the court summarized the pertinent law:
An obligation in solido on the part of the debtors exists when they are all obliged to the same thing, so that each may be compelled for the whole, and when the payment that is made by one of them, exonerates the others toward the creditors. An obligation in solido is never presumed, but must be expressly stipulated except in cases where an obligation in solido takes place of right by some provisions of the law. The creditor of an obligation contracted in solido may apply to anyone of the debtors he chooses without the debtors having the right to plead the benefit of division, and a suit brought against one of the debtors does not bar the creditor from bringing suit on the same account against the others. LSA-C.C. articles 2091, 2093, 2094, 2095.
The ultimate test of whether an obligor may be held for the whole or for only a proportionate part of the obligation is essentially whether the two obligors each promised the same or full performance or whether each promised only a different performance, that is to pay a proportionate part of the liability. Wilks v. Allstate Insurance Company, La.App., 195 So.2d 390; 4 Corbin on Contracts, sec. 925. When several persons obligate themselves to the obligee by the terms "in solido" or use any other expressions which clearly show that they intend that each one shall be separately bound to perform the whole of the obligation it is called an obligation in solido on the part of the obligors. Wilks v. Allstate Insurance Company, supra; LSA-C.C. art. 2082. 223 So.2d at 678.
The language of the guaranty presented in this case can be interpreted to find 1) that Mr. Hebert and Mr. LeGrange, each, agreed to guarantee the full performance by Innovator, or 2) that Mr. Hebert and Mr. LeGrange, together, agreed to guarantee the full performance by Innovator. La.Civ.Code art. 2093 requires an in solido obligation to be expressly stipulated. Due to the ambiguous language of the contract, we are compelled to find that no such express stipulation exists in the present guaranty. John Deere Industrial Equipment Co. v. McCullen, 275 So.2d 437 (La.App. 2d Cir.1973). Accordingly, appellant should only be held liable for his pro rata share of the debt owed by the principal debtor. Thus, appellant is liable for one-half of the rent due under the lease, $16,800.00, and one-half of the attorneys' fees awarded by the trial court, $1,680.00.[5] Plaintiffs are entitled to judgment as a matter of law for these amounts. La.Code Civ.P. art. 966.
For the reasons stated above, we find that the judgment against Sterling Hebert should be amended. Therefore, it is ordered, *730 adjudged and decreed that there be judgment rendered in favor of the plaintiffs, Samuel B. Katz and Marvin L. Jacobs d/b/a Village Square Shopping Center, and against the defendant, Sterling P. Hebert, Jr. in the sum of Sixteen Thousand Eight Hundred and no/100 ($16,800.00) Dollars, together with legal interest from the date of judicial demand, until paid in full, plus reasonable attorney's fees in the amount of One Thousand Six Hundred Eighty and no/100 ($1,680.00) Dollars. One-half of the appeal costs are to be paid by appellant and one-half of the appeal costs are to be paid by the appellees.
JUDGMENT AMENDED, AND AS AMENDED, AFFIRMED.
NOTES
[1] This judgment was appealed to this court by Innovator. Judgment was rendered affirming the summary judgment on March 23, 1989. Katz v. Innovator of America, Inc., 542 So.2d 1177 (La.App. 1st Cir.1989) (unpublished opinion).
[2] Title XVI of Book III of the 1870 Civil Code, which previously contained C.C. arts. 3035 to 3070 under the heading "of Suretyship", was amended and re-enacted by Acts 1987, No. 409, § 1 to contain revised C.C. arts. 3035 to 3070 under the heading "Suretyship", effective January 1, 1988. References to these code articles are to the former articles of Title XVI.
[3] The 1987 revision of the 1870 Civil Code abolishes the pleas of division and discussion formerly recognized in La.Civ.Code art. 3045-3051 (1870).
[4] The summary judgment against Mr. Hebert was rendered on June 17, 1988. On July 25, 1988, Mr. LeGrange filed a motion for summary judgment against plaintiffs. In support of this motion, he filed an affidavit, in which he stated that the signature purporting to be his on the guaranty was not in fact his signature.
[5] The lease provides that Innovator is responsible for all expenses, including reasonable attorney's fees, incurred by plaintiffs in case suit is brought for recovery of rent. Although appellant asserts he is only liable for one-half of the debt arising pursuant to the lease, he does not contest the reasonableness of the attorney's fees awarded by the trial court.