PARRO, J.
 

 | ¡Alvin Paul Loupe appeals a judgment in favor of Regions Bank (Regions), finding that he had guaranteed a business loan of Louisiana Pipe & Steel Fabricators, LLC (La. Pipe) and was solidarily obligated with La. Pipe to pay Regions the balance due on that loan, plus interest, late fees, attorney fees, and expenses as provided in the promissory note.
 
 [1]
 
 We affirm the judgment.
 

 FACTUAL AND PROCEDURAL BACKGROUND
 

 On September 21, 2006, representatives of La. Pipe executed a “Business Loan Agreement” establishing a line of credit in the amount of $250,000 with Regions. In addition to the Business Loan Agreement, the representatives of La. Pipe signed a “Promissory Note” payable to Regions in the amount of $250,000 and a “Commercial Security Agreement” granting Regions a security interest in all accounts receivable and all business assets of La. Pipe.
 
 [2]
 
 Loupe, a member/owner/manager of La. Pipe, personally signed a “Commercial Guaranty” in favor of Regions on the same date. The Promissory Note signed by representatives of La. Pipe had a maturity date and a full repayment date, including interest, of March 18, 2007.
 
 [3]
 

 As of January 3, 2008, La. Pipe had made principal and interest payments to Regions in the amount of only $208,611.89, which did not fully pay its indebtedness. On August 8, 2008, Regions made demand on Loupe for full payment of the balance due. In May 2010, Regions filed suit
 
 *1212
 
 against La. Pipe and Loupe, seeking recovery of the Ml balance of principal, interest, and late fees that La. Pipe had failed to pay under the Loan Agreement, along with attorney fees and expenses and all court costs. Regions filed a motion for summary judgment on December 16, 2010, stating that there were no genuine issues of material fact; the motion was supported by an affidavit from Thomas E. D’Antoni (D’Antoni), Senior Vice President for Regions and the bank officer | .¡charged with responsibility for the obligation owed to Regions by La. Pipe and Loupe. No evidence was filed in opposition to the motion. The hearing on the motion for summary judgment was held on February 14, 2011. On February 25, 2011, the trial court entered a judgment for the balance due on the Loan Agreement against La. Pipe and Loupe,
 
 in solido.
 
 Loupe appeals the judgment of the trial court.
 

 APPLICABLE LAW
 

 Summary Judgment
 

 An appellate court reviews a district court’s decision to grant a motion for summary judgment
 
 de novo,
 
 using the same criteria that govern the district court’s consideration of whether summary judgment is appropriate.
 
 Smith v. Our Lady of the Lake Hosp., Inc.,
 
 93-2512 (La.7/5/94), 639 So.2d 730, 750. The motion should be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966(B);
 
 Washauer v. J.C. Penney Co., Inc.,
 
 03-0642 (La.App. 1st Cir.4/21/04), 879 So.2d 195, 197. If the moving party will bear the burden of proof at trial on the matter before the court on the motion, as in this case, the burden of proof remains on the mover. LSA-C.C.P. art. 966(C)(2);
 
 Buck’s Run Enterprises, Inc. v. MAPP Const., Inc.,
 
 99-3054 (La.App. 1st Cir.2/16/01), 808 So.2d 428, 431.
 

 Affidavits
 

 Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. LSA-C.C.P. art. 967(A). If the mover has put forth supporting proof through affidavits or otherwise, the adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or otherwise, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party fails to do so, summary judgment shall be rendered against him if appropriate. LSA-C.C.P. art. 967(B);
 
 Robles v. ExxonMobile,
 
 02-0854 (La.App. 1st Cir.3/28/03), 844 So.2d 339, 341;
 
 Williams v. Galofaro,
 
 11-0487 (La.App. 1st Cir.11/9/11), 79 So.3d 1068, 1070.
 

 Guaranty
 

 The contract of guaranty is equivalent to a contract of suretyship.
 
 Katz v. Innovator of America, Inc.,
 
 552 So.2d 724, 726 (La.App. 1st Cir.1989). Suretyship must be express and in writing. LSA-C.C. art. 3038. Suretyship is established upon receipt by the creditor of the writing evidencing the surety’s obligation. The creditor’s acceptance is presumed, and no notice of acceptance is required. LSA-C.C. art. 3039. An agreement to become a surety must be expressed clearly and must be construed within the limits intended by the parties to the agreement.
 
 Placid Refining Co. v. Privette,
 
 523 So.2d 865, 867 (La.App. 1st Cir.),
 
 writ denied,
 
 524 So.2d 748 (La.1988). Contracts of guaranty or suretyship are subject to the same rules of interpretation as contracts in general.
 
 *1213
 

 Ferrell v. South Central Bell Telephone Co.,
 
 403 So.2d 698, 700 (La.1981).
 

 ANALYSIS
 

 Loupe contends the trial court erred in determining that the affidavits and exhibits presented by Regions in support of its motion for summary judgment were sufficient. Louisiana Code of Civil Procedure article 967 states that supporting affidavits shall be made on personal knowledge, shall provide facts that would be admissible in evidence, and shall affirmatively show that the affiant is competent to testify to the matters stated in the affidavit. Regions filed its motion for summary judgment with the supporting affidavit of D’Antoni, a Senior Vice President for Regions charged with responsibility for La. Pipe’s obligation to the bank. His affidavit related that he had personal knowledge of the obligations of La. Pipe and Loupe under the Loan Agreement and guaranty. D’Antoni identified the Business Loan Agreement, the Promissory Note, and the Commercial Security Agreement signed by representatives of La. Pipe; he also identified the Commercial Guaranty contemporaneously signed by Loupe in connection with the Loan Agreement between Regions and La. Pipe.
 

 |SA bank vice president’s summary judgment affidavit is sufficient, where the vice president is familiar with the account and the bank’s business records. In that circumstance, it is not necessary for the affiant to show that he personally prepared the business records or that he had direct, independent, first-hand knowledge of their contents.
 
 See Whitney Nat. Bank v. Reliable Mailing & Printing Services, Inc.,
 
 96-968 (La.App. 5th Cir.4/9/97), 694 So.2d 479, 481;
 
 Hibernia Nat. Bank v. Rivera,
 
 07-962 (La.App. 5th Cir.9/30/08), 996 So.2d 534, 540. As a Senior Vice President for Regions and tasked with monitoring the Loan Agreement signed by La. Pipe, D’Antoni had the personal knowledge necessary and was competent to testify as to these matters. D’Antoni testified as to what he knew about La. Pipe’s and Loupe’s obligations based on his personal knowledge of the account and review of the bank’s business records. His testimony was supported by the very documents about which he testified. See
 
 Brown v. Adolph,
 
 96-1257 (La.App. 1st Cir.3/27/97), 691 So.2d 1321, 1326. Thus, we conclude, as did the trial court, that the affidavit and evidence submitted by Regions were sufficient under LSA-C.C.P. art. 967.
 

 Loupe also argues that because there was no evidence of the date of delivery of the Commercial Guaranty to Regions, Regions has not shown that the debt occurred after the formation of the guaranty. Therefore, Loupe contends that Regions has not established that he undertook the obligation of paying the balance of the unpaid note. ■ However, the record reflects that on September 21, 2006, Loupe personally signed the guaranty, “absolutely and unconditionally guaranteeing] full and punctual payment and satisfaction of the indebtedness” of La. Pipe to Regions. The guaranty document stated that the guaranty became “effective upon guarantor’s execution and delivery” of the guaranty to Regions.
 
 See
 
 LSA-C.C. art. 3038. The guaranty further reflected that no formal acceptance by Regions was necessary to make the guaranty effective; that provision is consistent with Article 3039, which states that once the creditor receives the writing evidencing the obligation, acceptance is presumed and no notice of acceptance is required. Regions provided evidence from D’Antoni that the guaranty was signed | (-¡contemporaneously with the other documents involved in the Loan Agreement, and the dates on the docu-
 
 *1214
 
 merits confirm this fact. Regions further showed that the original documents involved in the Loan Agreement and guaranty were made and “are maintained by Regions” as a regular part of its business. Therefore, since Regions has possession of the guaranty, it has established that the guaranty was “delivered” to it and thus became effective. Also, according to the wording of the guaranty, Loupe agreed “TO GUARANTEE THE FULL AND PUNCTUAL PAYMENT, PERFORMANCE AND SATISFACTION OF THE INDEBTEDNESS OF [LA. PIPE], NOW EXISTING OR HEREAFTER ARISING OR ACQUIRED, ON AN OPEN AND CONTINUING BASIS.” Since Loupe agreed to guarantee any indebtedness of La. Pipe that may already have been in existence when he executed the guaranty, there was no need for Regions to show that the indebtedness secured by the guaranty occurred subsequent to its execution or that the guaranty was delivered to it before the loan was made. Jurisprudence has established that the pre-existing debt or obligation of a third party is a sufficient consideration for a contract of guaranty.
 
 See
 
 LSA-C.C. art. 3036, Revision Comments-1987, Comment (b);
 
 see also Commercial Nat. Bank v. Richardson,
 
 163 La. 933, 113 So. 152, 154 (1927);
 
 Home Ins. Co. v. Voorhies Co.,
 
 168 So. 724, 726 (La.App. 1st Cir.1936). In this case, as a manager/owner/representative of La. Pipe, Loupe had an interest in promoting the business of the company. This fact also supports a finding of sufficient consideration for his guaranty.
 
 See Home Ins. Co.,
 
 168 So. at 726;
 
 Katz v. Innovator of America, Inc.,
 
 552 So.2d 724, 727 (La.App. 1st Cir.1989). Therefore, any debt owed to Regions by La. Pipe before or after the execution of the Loan Agreement became the obligation of Loupe when he signed the guaranty.
 

 Loupe further claims the court erred in determining that Regions proved Loupe had breached an obligation to it and that it suffered damages as a result. D’Antoni’s affidavit stated that the Loan Agreement was in default after La. Pipe and Loupe failed to make complete payments on the debt. D’Antoni also testified as to the amount of the partial payment received on the Loan Agreement, the amount still outstanding, and |7the makeup of the outstanding figures. His affidavit was sufficient to show that La. Pipe had executed a Loan Agreement with Regions for the payment of a promissory note in the amount of $250,000. The affidavit further established that La. Pipe had defaulted on this Loan Agreement, that Loupe was the guarantor of La. Pipe’s outstanding obligation, and that Loupe had made no payments to Regions. D’Antoni’s affidavit also stated that La. Pipe and Loupe still owed Regions the amount of $37,713.21 in principal, $9,199.41 in interest, and $337.17 in late fees, with interest continuing to accrue at $3.10 per diem. We conclude that Regions proved Loupe breached an obligation to Regions and that Regions suffered a loss as a result of that breach.
 

 CONCLUSION
 

 Based on the above, the judgment of the trial court granting summary judgment in favor of Regions Bank is affirmed. All costs of this appeal are assessed against Alvin Paul Loupe.
 

 AFFIRMED.
 

 [1]
 

 . The determination of the amount of attorney fees to be awarded was reserved by the judgment to be addressed later. The judgment was designated as final by the trial court.
 

 [2]
 

 . We will refer to the transaction represented by these documents as the Loan Agreement.
 

 [3]
 

 .The petition states that Regions extended the term several times, resulting in the note being fully due and payable on October 26, 2007.