BLANCHE, Judge.
Plaintiff alleged that his minor son, Michael Wade Benoit, was driving on U. S. Highway 90 East on or about July 25, *441 1969, when he came upon a convoy of trucks owned by the defendant, Burger Chef of Lafayette, Inc. (erroneously referred to as “Burger Chef Systems of Lafayette, Inc.”). He further alleged that as a result of the negligence of the drivers of these trucks his son sustained certain personal injuries “in the amount of say FIVE HUNDRED THOUSAND . . . DOLLARS.” Neither the personal injuries which his son allegedly received nor the items of damage personally claimed by the plaintiff, J. D. Benoit, were itemized.
The defendant answered and generally denied the allegations of plaintiff’s petition. Thereafter, a motion for summary judgment was filed by said defendant, attaching thereto the affidavits of the president, vice-president and secretary-treasurer of Burger Chef of Lafayette, Inc. The affidavits state that the defendant “owns no trucks of any kind or character whatsoever, owns no vehicles which have Burger Chef of Lafayette, Inc. identification thereon, and that said corporation did not have any personnel or vehicles in the vicinity of U. S. Highway 90 East in St. Mary Parish, Louisiana, on or about July 25, 1969.” The plaintiff filed counteraffi-davits which did not dispute the defendant’s affidavits and which the trial court found to be inadequate to establish the existence of a genuine issue as to a material fact. In this finding we concur.
Plaintiff’s principal assignment of error on appeal relates to the failure of the trial court to grant his motion to strike defendant’s affidavits. The plaintiff argues that the affidavits are mere conclusions and do not show how the affiants had personal knowledge of the facts therein alleged. Plaintiff’s argument on this point is that the affiants are corporate officers and the'ir affidavits do not show how they had personal knowledge of the matters therein stated. It is also contended that even though the affiants stated that the facts therein contained were matters of which they had personal knowledge, the affiants also stated that the affidavits were made on information and belief.[1] Thus, it is argued that the defendant did not comply with the provisions of Article 967 of the Code of Civil Procedure requiring that affidavits in support of a motion for summary judgment be made on personal knowledge and show affirmatively that the af-fiant is competent to testify to the matters stated therein.[2]
The provisions of LSA-C.C.P. Art. 967 are mandatory that the affidavit affirmatively show that the affiant is competent to testify to the matters stated by a factual averment showing how he came by such knowledge and not by a mere conclusion that he has personal knowledge based on information and belief. The foregoing requirement is not satisfied by the mere statement that it is made on “personal knowledge” since such would tend to make the affiant both judge and witness. The requirement that the affidavit show affirmatively that the affiant is competent to testify to the matters stated therein is to enable the court to make a determination as to the competency of the affiant as a witness to the material fact at issue.
We believe an affirmative showing of competency cannot be established without a predicate of fact showing personal knowledge. Otherwise, personal knowledge may be based on hearsay or other incompetent evidence. In our opinion,' the mere fact that the affidavit was made by an officer of the corporation without stating more is insufficient to *442 show that it was a matter within his personal knowledge.
 No citation is needed to substantiate the proposition that on a motion for summary judgment the burden of establishing the nonexistence of any genuine issue of fact is upon the moving party, and all doubts are resolved against him in favor of a trial on the merits. Therefore, when mover relies on the personal knowledge of an affiant to establish the nonexistence of a genuine issue of fact and fails to assert facts which would affirmatively show the affiant’s competency to testify to such facts, his proof of the same fails by reason of the insufficiency of the affidavit. LSA-C.C.P. Art. 967.
For the above and foregoing reasons, the judgment granting the motion for summary judgment is reversed, and the matter is remanded for further proceedings in accordance with law. The costs of this appeal are assessed to plaintiff-appellant, with the remaining costs to be assessed in accordance with the final disposition of this cause.
Reversed and remanded.

. Defendant’s three affidavits contain the same wording:
“That affiant does further declare that all of the aforesaid is true and correct to the best of his knowledge, information and belief.” (Record, pp. 15, 16, 17)

. LSA-C.C.P. Art. 967 provides, in part:
“Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. ...”