CRAIN, J.
(2In this suit to collect a balance owed on a credit card, the trial court granted a summary judgment in favor of plaintiff, Unifund CCR Partners. We reverse and remand.
FACTS AND PROCEDURAL HISTORY
Unifund sued Felicia Dianne Perkins alleging that Perkins “entered into an agreement with [Unifund] ... or its assignor ... to obtain goods or services on open *629 account through the use of a credit card.”[1] Unifund further alleged that Perkins breached the agreement and owed the principal amount of $4,829.60, plus interest and attorney’s fees.
After Perkins answered denying the allegations, Unifund moved for a summary judgment and attached three exhibits to its motion and supporting memorandum: (1) the affidavit of Kim Kenney; (2) a monthly billing statement in Perkins’ name indicating a balance due of $4,829.60; and (8) a demand letter from counsel for Unifund to Perkins. Perkins opposed the motion with an affidavit attesting that she has “no knowledge of ever having the credit card sued upon” and that she did “not know who opened this account, if it was ever opened in [her] name, and if done so, it was done without [her] knowledge, authorization or permission.”
Although the parties dispute the extent of any additional evidence that was offered at the hearing of the motion, the trial court found that Unifund established the debt and that Perkin’s affidavit was “self-serving” and insufficient to defeat the summary judgment. A judgment was signed in favor of Unifund and against 13Perkins for the amount demanded, plus interest, attorney’s fees of 25% of the principal and interest, and all costs.
Perkins appeals arguing that the trial court erred by granting the summary judgment when the claim was disputed by Perkins in her affidavit. Perkins also asserts that Kenney’s affidavit was not based on personal knowledge, the documents attached thereto were not verified, and that Unifund failed to prove the amount owed, that it owned the debt, or the applicable interest rate.
MOTION TO STRIKE
We first address the contents of the record before this court and a motion to strike filed on behalf of Perkins. The transcript of the hearing of the motion for summary judgment reflects that Unifund offered and introduced the “entire record,” which it represented “should” contain several account statements, a bill of sale, and a certificate confirming transfers of the account from the original issuer of the credit card to Unifund. During argument, counsel for Unifund also referenced, but did not offer into evidence, interrogatories and admissions of fact. None of these documents were included in the record originally lodged with this court. Pursuant to a motion to supplement the record filed by Unifund, the trial court ordered the record supplemented to include these items. Perkins responded in this court by filing a motion to strike the documents asserting that they were not admitted into evidence in the trial court and do not form a part of the record on appeal.[2]
Louisiana Code of Civil Procedure article 2132 authorizes the correction of a record on appeal that is “incorrect or contains misstatements, irregularities or infor-malities, or which omits a material part of the trial record;” however, the record should not be supplemented with a document that was never offered, introduced, or admitted into evidence. See Williams Law Firm v. Board of Supervisor of Louisiana State University, 08-0079 (La.App. 1 Cir. 4/2/04), 878 So.2d 557, 562.
*630 Counsel for Unifund argues that the documents were offered into evidence at the hearing and should be included in the record. The transcript of the hearing does not confirm that assertion. Rather, the transcript reflects that counsel offered and introduced “the entire record” and generally identified various documents that “should be” contained in the record. However, there is no indication that these documents were actually in the suit record at that time, nor did counsel separately offer and introduce the documents into evidence. The minute entry for the hearing indicates only that “[d]ocumentary evidence was introduced” without any identification of the documents. According to the record originally lodged with this court, the suit record at the time of the hearing contained only Unifund’s single page, unverified petition, two unanswered requests for admissions of fact, Perkins’ answer to the petition, and the motion for summary judgment, supporting memorandum, and the three exhibits attached thereto. These documents make no reference to the exhibits that Unifund later added to the record through the motion to supplement.
Absent some evidence that the subject documents were separately introduced at the hearing or that they were contained in the suit record when counsel introduced the “entire record” at the hearing, the record on appeal should not have been supplemented to include these exhibits. This court cannot consider evidence that was not part of the record made in the trial court. We grant the motion to strike and order the supplemented documents removed from the record. See Williams Law Firm, 878 So.2d at 562 (after reviewing the record and transcript of the hearing, the court granted the motion to strike an exhibit that was never offered, introduced or admitted into evidence).
| .LAW AND ANALYSIS
A motion for summary judgment may be granted if, and only if, “the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” La.Code Civ. Pro. art. 966B (prior to amendment by 2012 La. Acts. No. 257); Louisiana High School Athletics Association, Inc. v. State, 12-1471 (La.1/29/13), 107 So.3d 583, 598.[3]
The party seeking summary judgment has the burden of proving there is no genuine issue of material fact. La.Code Civ. Pro. art. 966C. If the movant satisfies the initial burden, the burden shifts to the party opposing summary judgment to present factual support sufficient to show he will be able to satisfy the evidentiary burden at trial. La.Code Civ. Pro. art. 966C(2); Suire v. Lafayette City-Parish Consolidated Government, 04-1459 (La.4/12/05), 907 So.2d 37, 56. Since Uni-fund would have the burden of proof at trial, it had the burden to show there were no genuine issues of material fact and that it was entitled to judgment as a matter of law. See Louisiana High School Athletics Association, Inc., 107 So.3d at 599.
Appellate courts review evidence de novo under the same criteria that govern the trial court’s determination of whether a summary judgment is appropriate. All Crane Rental of Georgia, Inc. v. Vincent, 10-0116 (La.App. 1 Cir. 9/10/10), 47 So.3d 1024, 1027, writ denied, 10-2227 (La.11/19/10), 49 So.3d 387. An appellate court thus asks the same questions as does *631 the trial court in determining whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover-appellant is entitled to judgment as a matter of law. All Crane Rental of Georgia, Inc., 47 So.3d at 1027.
16Suits to collect credit card debt are treated as suits on an open account. See Capital One Bank (USA) NA v. Gato, 12-0246 (La.App. 1 Cir. 11/14/12), 2012 WL 5511644 (unpublished), 2012 WL 5506591; Capital One Bank (USA), NA v. Sanches, 13-0003 (La.App. 4th Cir. 6/12/13), 119 So.3d 870 To establish a pri-ma facie case, the creditor must prove that the record of the account was kept in the course of business and introduce evidence regarding its accuracy. Once a creditor prevails in establishing its prima facie case, the burden shifts to the debtor to prove the inaccuracy of the account or to prove that the debtor is entitled to certain credits. Hat’s Equipment, Inc. v. WHM, LLC, 11-1982 (La.App. 1 Cir. 5/4/12), 92 So.3d 1072, 1076.
Unifund relies primarily upon Kenney’s affidavit to establish the account balance and Unifund’s right to collect it. We find that the affidavit is not competent evidence for use in support of a motion for summary judgment. Louisiana Code of Civil Procedure article 967A provides in pertinent part:
Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.
Personal knowledge encompasses only those facts that the affiant saw, heard, or perceived with his own senses. Berard v. L-3 Communications Vertex Aerospace, LLC, 09-1202 (La.App. 1 Cir. 2/12/10), 35 So.3d 334, 349, writ denied, 10-0715 (La.6/4/10), 38 So.3d 302.
While Kenney’s affidavit contains the assertion that she has “personal knowledge, and that she is competent to testify to the matters stated herein,” the affidavit contains no facts or information setting forth the basis of either her personal knowledge or her competency to testify to the matters stated in the affidavit. The affidavit does not identify her position of employment, if any, with Unifund; nor does it disclose if she has ever reviewed any documentation or |7records with respect to the account; nor does it verify or refer to any documents as being attached to the affidavit. Rather, Kenney simply identifies the account by number and states that the sum of $5,367.23 is “due and payable” from Perkins. The only other substantive information in the affidavit is a statement that the account was “issued under the name of FIRST USA BANK NA and acquired from Chase Bank USA NA” and was thereafter forwarded to counsel for Uni-fund for collection. Again, no basis for this information is provided, and no documents are referenced or attached.
Article 967’s requirement of personal knowledge is not satisfied by the mere statement that the affidavit is made on “personal knowledge” since that would tend to make the affiant both judge and witness. Benoit v. Burger Chef Systems of Lafayette, Inc., 257 So.2d 439, 441 (La.App. 1 Cir.1972). The requirement that the affidavit show affirmatively that the affiant is competent to testify to the matters stated therein enables the court to make a determination as to the competency of the affiant as a witness to the material fact at issue. Benoit, 257 So.2d at 441. An affirmative showing of competency cannot be established without a predicate showing of personal knowledge. Other *632 wise, personal knowledge may be based on hearsay or other incompetent evidence. Benoit, 257 So.2d at 441.
Kenney’s affidavit fails to establish any predicate fact showing that she has personal knowledge of the subject account and is competent to testify to the matters set forth in the affidavit. Therefore, the affidavit does not satisfy the requirements of Article 967A, is not competent summary judgment evidence, and will not be considered by this court on de novo review. See Robertson v. Doug Ashy Building Materials, Inc., 10-1552 (La.App. 1 Cir. 10/4/11), 77 So.3d 339, 350, fn. 15, writs denied, 11-2468, 11-2430, (La.1/13/12), 77 So.3d 972, 973.
1 sThe remaining exhibits attached to the motion for summary judgment are the unsworn and unverified monthly account billing statement and the demand letter. Louisiana Code of Civil Procedure articles 966 and 967 do not permit a party to use unsworn and unverified documents as summary judgment evidence. A document that is not an affidavit or sworn to in any way, or is not certified or attached to an affidavit, has no eviden-tiary value on a motion for summary judgment. Bunge North America, Inc. v. Board of Commerce & Industry, 07-1746 (La.App. 1 Cir. 5/2/08), 991 So.2d 511, 527, writ denied, 08-1594 (La.11/21/08), 996 So.2d 1106. In meeting the burden of proof, unsworn or unverified documents, such as letters or reports, annexed to motions for summary judgment are not self-proving and will not be considered; attaching such documents to a motion for summary judgment does not transform them into competent summary judgment evidence. Bunge North America, Inc., 991
So.2d at 527. Based upon the foregoing, the unsworn and unverified monthly billing statement and demand letter relied upon by Unifund are not competent summary judgment evidence and will not be considered by this court on de novo review.
Although Unifund also introduced the “entire record” at the hearing of the motion, the only additional documents in the record were the petition, two unanswered requests for admissions of fact, and Perkins’ answer to the petition. These pleadings reflect disputed allegations and do not establish any material facts.
The exclusion of the three exhibits attached to the motion for summary judgment, together with the lack of any other documentation in the record proving any material facts, renders Unifund’s motion for summary judgment unsupported by any evidence. Unifund failed to satisfy its burden of proving the account and the accuracy of the amount due. The trial court erred in granting a summary judgment to Unifund, and we reverse that judgment. See Sanches, 119 So.3d at 875 (summary judgment was not proper in suit to collect credit card indebtedness 19where affidavit failed to adequately establish account and authenticate account documents).[4]
CONCLUSION
For the foregoing reasons, we reverse the judgment of the trial court granting a summary judgment in favor of Unifund CCR Partners and remand for further proceedings. All costs of this appeal are assessed to Unifund.
REVERSED AND REMANDED.
*633 WHIPPLE, C.J., signed with permission.
WELCH, J., signed with permission.

. The defendant’s middle name is spelled "Dianne” in the plaintiff’s petition, the defendant’s answer and in the judgment; however, based upon her affidavit, the correct spelling of her middle name is "Dionne.”

. The three previously identified exhibits attached to Unifund’s motion for summary judgment are in the original record lodged with this court and are not the subject of the motion to strike.

. The judgment on appeal was signed on November 8, 2010 and is therefore governed by the version of Article 966 in effect prior to its amendment in 2012.

. In light of this holding, we pretermit discussion of Perkins' remaining assignments of error.