NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

16-42

MARY ORTEGA

VERSUS

PROGRESSIVE GULF INSURANCE COMPANY, ET AL.

**********

APPEAL FROM THE
TENTH JUDICIAL DISTRICT COURT
PARISH OF NATCHITOCHES, NO. 86,293
HONORABLE LALA B. SYLVESTER, DISTRICT JUDGE

**********

PHYLLIS M. KEATY
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Marc T. Amy, and Phyllis M. Keaty, Judges.

AFFIRMED.

**Dan Boudreaux**
**Law Offices of Keith S. Giardina**
**9100 Bluebonnet Centre Blvd., Suite 300**
**Baton Rouge, Louisiana  70809**
**(225) 293-7272**
**Counsel for Intervenor/Appellant:**
**Liberty Mutual Fire Insurance Company**

**Sidney J. Angelle**
**Erik L. Vollenweider**
**Lobman, Carnahan, Batt & Angelle**
**400 Poydras Street, Suite 2300**
**New Orleans, Louisiana  70130**
**(504) 586-9292**
**Counsel for Defendant/Appellee:**
**Allmerica Financial Benefit Insurance Company**

**George A. Flournoy**
**Flournoy & Doggett**
**Post Office Box 1270**
**Alexandria, Louisiana  71309-1270**
**(318) 487-9858**
**Counsel for Plaintiff/Appellee:**
**Mary Ortega**

**S. Curtis Mitchell**
**Casler, Bordelon & Lawler**
**11550 Newcastle Avenue, Suite 200**
**Baton Rouge, Louisiana  70816**
**(318) 840-5075**
**Counsel for Defendants/Appellees:**
**Terry Weaver**
**Phillips Distributing, LLC**
**Progressive Gulf Insurance Company**

**KEATY, Judge.**

Intervenor appeals a judgment of the trial court granting defendants' motions for summary judgment and dismissing its petition of intervention. We affirm.

## PROCEDURAL HISTORY

Mary Ortega's vehicle was rear ended on March 11, 2013. She filed a petition for damages on July 24, 2013, against the other driver, Terry Weaver (Weaver), Weaver's employer, Phillips Distributing, LLC (Phillips), and Phillips' automobile liability insurer, Progressive Gulf Insurance Company (Progressive), seeking recovery against them for the damages she alleged she sustained in the accident. Ortega later filed a supplemental and amending petition naming Hanover Insurance Group and/or Allmerica Financial Benefit Insurance Company (Allmerica), Weaver's automobile liability insurer, as an additional defendant. On July 28, 2014, Liberty Mutual Fire Insurance Company (Liberty Mutual), the workers' compensation carrier of Ortega's former employer, Cantu Services, Inc. (Cantu Services), filed a petition for intervention into Ortega's personal injury suit, alleging that the automobile accident occurred while Ortega was "working within the course and scope of her employment" and seeking reimbursement for the medical and indemnity benefits that it had paid to or on behalf of Ortega.

Defendants Allmerica and Weaver, Phillips, and Progressive sought to have Liberty Mutual's intervention dismissed by summary judgment on the basis that Ortega was not in the course and scope of her employment during the accident that formed the basis of her personal injury suit. Defendants attached to their respective motions for summary judgment copies of Ortega's petition for damages,

Liberty Mutual's original and supplemental and amending petitions for intervention, as well as a copy of Ortega's March 30, 2015 deposition.

Liberty Mutual sought to continue the September 2015 hearing on defendants' motions for summary judgment due to scheduling conflicts; however, its motion to continue explained that the defendants opposed the continuance. After the trial court denied its motion to continue, Liberty Mutual filed a memorandum in opposition to defendants' motions for summary judgment on the basis of La.R.S 23:1101. Therein, Liberty Mutual claimed that the instant suit arose from an on-the-job injury that Ortega suffered on February 23, 2011, and that Liberty Mutual had paid medical and indemnity benefits arising from that accident to Ortega. Liberty Mutual submitted that the Louisiana workers' compensation scheme "allow[ed] either the injured worker or the employer/carrier or both to bring an action for damages against any third party who may be at fault for the injuries for which compensation benefits were paid." According to Liberty Mutual, defendants' motions should be denied because questions of fact remained as to the nature and extent of Ortega's injuries, "including the relationship between a 2011 workplace accident and the aggravation of same by the 2013 motor vehicle accident" and because additional discovery was needed to resolve those questions of fact. Liberty Mutual attached to its opposition a copy of an unsigned March 20, 2013 report that Dr. Clark Gunderson, an orthopedist who examined Ortega the previous day, sent to Ortega's attorney wherein he relates his impression that Ortega "sustained a cervical straining type injury superimposed on the degenerative cervical disc disease, which has increased her preaccident complaint." Also attached to Liberty Mutual's opposition was a notice indicating that Ortega's attorney had scheduled Dr. Gunderson's video trial deposition for September 29,

2

2015. Liberty Mutual asserted that defendants' motions for summary judgment were "unsubstantiated," and it requested that its costs be assessed against them.

Allmerica filed a memorandum in reply to Liberty Mutual's opposition, wherein it pointed out the inaccuracy in Liberty Mutual's assertion that this action arose from Ortega's February 23, 2011 workplace accident. In addition, Allmerica sought to strike the March 20, 2013 Dr. Gunderson report relied upon by Liberty Mutual on the basis that it was not proper summary judgment evidence under La.Code Civ.P. art. 967 because it was not a sworn affidavit or deposition, nor was it signed by Dr. Gunderson. Allmerica also sought to strike from Liberty Mutual's opposition a reference made to a July 2014 subpoena it sent to Liberty Mutual requesting Ortega's medical records as being unsupported by any permissible evidence. With regard to Liberty Mutual's claim that defendants' motions for summary judgment should be delayed until after Dr. Gunderson's September 29, 2015 video deposition, Allmerica pointed out that Dr. Gunderson had already been deposed on January 29, 2015. Finally, Allmerica contended that Liberty Mutual had no reasonable basis to request that its costs be paid by defendants.

Defendants' motions for summary judgment were heard on September 17, 2015. After hearing arguments, the trial court granted defendants' motions for summary judgment in open court. In Written Reasons For Ruling signed the next week, the trial court stated, "I find that there is no genuine issue of material fact. Therefore, the Motion for Summary Judgment is granted." By written Judgment dated October 27, 2015, the trial court granted the motions for summary judgment filed by Allmerica and Weaver, Phillips, and Progressive and dismissed Liberty Mutual's intervention with prejudice, declaring the judgment final for purposes of immediate appeal. *See* La.Code Civ.P. art. 1915. Liberty Mutual timely appealed

and is now before this court asserting in its sole assignment of error that the trial court erred in dismissing its intervention because of the existence of genuine issues of material fact.

## DISCUSSION

> The summary judgment procedure of La.Code Civ.P. art. 966(A)(2) "is designed to secure the just, speedy, and inexpensive determination of every action" except in certain designated cases. It is favored and is to be construed to accomplish those ends. *Id.* The trial court shall enter summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, admitted for purposes of the motion for summary judgment, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(B)(2).
>
> Further, and although La.Code Civ.P. art. 966(C)(2) expressly provides that "[t]he burden of proof remains with the movant[,]" the movant's burden does not require him to negate all essential facts of the adverse party's claim if the movant will not be required to bear the burden of proof at trial. Instead, the movant must "point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense." *Id.* In turn, thereafter, if "the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact." *Id.*
>
> On appeal, the reviewing court considers a trial court's grant or denial of a motion for summary judgment under the same criteria that governed the trial court's consideration of the motion and pursuant to the *de novo* standard of review.

*Baldwin v. CleanBlast, LLC*, 14-1026, pp. 4-5 (La.App. 3 Cir. 2/4/15), 158 So.3d 270, 272-73, *writ denied*, 15-461 (La. 5/15/15), 170 So.3d 163.

> Louisiana Code of Civil Procedure articles 966 and 967 do not permit a party to use unsworn and unverified documents as summary judgment evidence. A document that is not an affidavit or sworn to in any way, or is not certified or attached to an affidavit, has no evidentiary value on a motion for summary judgment.

*Unifund CCR Partners v. Perkins*, 12-1851, p. 8 (La.App. 1 Cir. 9/25/13), 134 So.3d 626, 632.

4

<u>*Substantive Law*</u>

The Louisiana Workers' Compensation scheme, in La.R.S. 23:1101 (emphasis added), titled "Employee and employer suits against third persons; effect on right to compensation," provides, in pertinent part, as follows:

> B. Any person having paid or having become obligated to pay compensation under the provisions of this Chapter may bring suit in district court against such third person to recover any amount which he has paid or becomes obligated to pay as compensation to such employee or his dependents. . . .
>
> C. For purposes of this Section, "third person" shall include any party who causes injury to an employee at the time of his employment or at any time thereafter **provided the employer is obligated to pay benefits under this Chapter because the injury by the third party has aggravated the employment related injury**.

"[Louisiana Revised Statutes] 23:1101(C) allows compensation insurers reimbursement from persons **who aggravate work-related injuries and thereby extend the obligation to pay compensation benefits**." *Ryan v. ESIF/Ryan Const.*, 46,916, p. 6 (La.App. 2 Cir. 4/4/12), 88 So.3d 719, 723 (emphasis added), *writ denied*, 12-1023 (La. 6/29/12), 92 So.3d 344.

<u>*Analysis*</u>

In her March 30, 2015 deposition, Ortega stated that she last worked as a cook for Cantu Services at Fort Polk. She described a workplace accident that took place on February 23, 2011, when she tripped and fell backwards in the kitchen as she was moving some food storage containers. Ortega stated that after she realized that she could no longer work, she applied for and began receiving social security disability benefits. She was unsure of when she began collecting those benefits, but she believed it was in the summer of 2011 or 2012.[1] Ortega explained that she

---

[1] At the summary judgment hearing, counsel for Allmerica stated that Ortega "was out on disability from Cantu since 2012[,] almost a year before the accident."

5

had suffered from severe neck pain since her workplace accident and that Dr. George Williams, her orthopedic surgeon, had recommended that she undergo a cervical diskectomy and fusion in October 2012. According to Ortega, the 2013 rear-end collision made subject of this lawsuit occurred when she was driving her ex-husband to the drugstore to pick up a prescription. She stated that she was not engaged in any type of work at the time, and she confirmed that she had not worked for Cantu Services since her February 2011 workplace accident.

At the summary judgment hearing, counsel for Liberty Mutual admitted that Ortega was not in the course and scope of her employment with Cantu Services when the automobile accident occurred in 2013, and he claimed that the assertion made in his petition for intervention was a "mis-draft." In addition, Liberty Mutual was not able to rebut Ortega's counsel's statement that Liberty Mutual had not paid any medical expenses since the car accident. It argued, however, that because La.R.S. 23:1101 gave it the right to sue a potentially-liable third party, the amount of money it could recover via its intervention was simply "a matter of proof" and, thus, its intervention should not be dismissed on summary judgment. The trial court disagreed, and so do we.

Defendants filed motions for summary judgment, not exceptions of no right of action, and they supported their motions with competent evidence which showed that Liberty Mutual's intervention was premised on inaccurate factual assertions and that it could not prove that it incurred any additional expenses as a result of Ortega's 2013 automobile accident. When, at the summary judgment hearing, the trial court sought proof from Liberty Mutual that "but for" the automobile accident, Ortega would have gotten better and it would not have been paying her compensation benefits, Liberty Mutual was unable to provide any such

6

proof. Further, as noted by the trial court, given the fact that Dr. Gunderson was already deposed in January of 2015, there was plenty of time for Liberty Mutual to ask him, or any of Ortega's other treating physicians, whether and/or how Ortega's 2013 automobile accident aggravated her February 2011 workplace injury.

The evidence shows that Ortega's pain had been steadily increasing since her 2011 workplace accident. In fact, she had been diagnosed with spinal stenosis, conservative treatment had failed to provide any significant relief of her symptoms, and surgery had been recommended before the March 2013 automobile accident occurred. At a trial on the merits, Liberty Mutual would have the burden of proving its intervention. Thus, when faced with defendants' properly supported motions for summary judgment, it was incumbent upon Liberty Mutual "to establish that he will be able to satisfy his evidentiary burden of proof at trial." *Baldwin*, 158 So.3d at 273. It did not do so. Therefore, after having performed a de novo review, we conclude that the trial court properly granted summary judgment in favor of defendants.

## CONCLUSION

For the foregoing reasons, the judgment granting the motions for summary judgment filed on behalf of Allmerica Financial Benefit Insurance Company and Terry Weaver, Phillips Distributing, LLC, and Progressive Gulf Insurance Company dismissing, with prejudice, the petition of intervention filed by Liberty Mutual Insurance Company is affirmed. All costs of this appeal are assessed against Liberty Mutual Insurance Company.

**AFFIRMED**.

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2–16.3.

7