STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2019 CA 1312

VIKI DURAND, WIFE OF/AND CHARLES DURAND

VERSUS

AMANDA K. GRAHAM, ESURANCE INSURANCE COMPANY, XL
INSURANCE AMERICA, INC., REPUBLIC FIRE AND CASUALTY
INSURANCE COMPANY AND GREENWICH INSURANCE
COMPANY

Judgment Rendered: **JUN 1 2 2020**

* * * * * * *

On Appeal from the 21st Judicial District Court
In and for the Parish of Tangipahoa
State of Louisiana
Trial Court No. 2016-0001138

Honorable Charlotte H. Foster, Judge Presiding

* * * * * * *

George B. Recile                          Attorneys for Plaintiffs/Appellants,
Metairie, Louisiana                       Viki Durand wife of/and
                                          Charles Durand

Keith L. Richardson                       Attorneys for Defendant/Appellee,
Sean P. Avocato                           Greenwich Insurance Company
Baton Rouge, Louisiana

* * * * * * *

BEFORE: HIGGINBOTHAM, PENZATO, AND LANIER, JJ.

**PENZATO, J.**

Plaintiffs, Viki and Charles Durand, appeal a judgment denying their motions to continue the hearing on a motion for summary judgment and to strike exhibits, and granting summary judgment dismissing their claims against defendant Greenwich Insurance Company ("Greenwich"). For the reasons that follow, we reverse.

## FACTS AND PROCEDURAL HISTORY

On April 30, 2015, Mrs. Durand was operating a 2014 Ford Fusion on Interstate 12 in Tangipahoa Parish when she was rear-ended by Amanda K. Graham. At the time of the accident, Mrs. Durand was in the course and scope of her employment with Cardinal Health. Mrs. Durand and her husband filed suit against Ms. Graham, Ms. Graham's insurer, their personal uninsured/underinsured motorist carrier, and Greenwich, Cardinal Health's uninsured/underinsured motorist carrier.[1]

Greenwich filed a motion for summary judgment on March 6, 2017, seeking dismissal of plaintiffs' claims against it. Greenwich contended that on the date of the April 30, 2015 accident, Greenwich did not provide uninsured/underinsured motorist coverage to Cardinal Health because a Louisiana Uninsured/Underinsured Motorist Bodily Injury Coverage Form ("Uninsured/Underinsured Rejection Form") had been executed by Martin B. Smith of Cardinal Health rejecting all uninsured/underinsured motorist coverage. In support of its motion for summary judgment, Greenwich relied upon the affidavit of Richard J. Burggraf, III, Vice-President, Underwriting Director of X.L. Global Services, Inc. Plaintiffs opposed the summary judgment, arguing that Greenwich failed to provide competent summary judgment evidence establishing Mr. Smith's identity and that he was a

---

[1] Greenwich was incorrectly referred to in plaintiffs' original petition as XL Insurance America, Inc. Plaintiffs filed a supplemental and amending petition for damages naming Greenwich as a defendant.

2

"legal representative" of Cardinal Health. Following a hearing on May 29, 2018, the trial court denied Greenwich's motion for summary judgment, indicating that Greenwich failed to establish a relationship between Mr. Smith and Cardinal Health.

On March 26, 2019, Greenwich filed its second motion for summary judgment, attaching thereto an affidavit of Mr. Smith, the Uninsured/Underinsured Rejection Form he executed on June 11, 2012, and certified copies of the relevant Greenwich policies. Plaintiffs filed an opposition to the motion for summary judgment, arguing that genuinely disputed issues of material fact remained concerning Mr. Smith's authority to execute the Uninsured/Underinsured Rejection Form. In their opposition, plaintiffs objected to the Uninsured/Underinsured Rejection Form attached to Greenwich's motion as Exhibit B-1 and the policy of insurance attached to Greenwich's motion as Exhibit C. Plaintiffs argued that the exhibits were not properly certified for use in support of a motion for summary judgment, and moved to strike them as exhibits in support of Greenwich's motion for summary judgment. Plaintiffs concurrently filed a motion to continue the hearing to allow them to depose Paula Belcastro, Vice President of Risk Management for Cardinal Health. On July 1, 2019, the motion for summary judgment, motion to continue, and motion to strike came before the trial court for hearing. Following the arguments of counsel, the trial court orally denied plaintiffs' motions to continue and to strike exhibits, and granted Greenwich's motion for summary judgment. On July 22, 2019, the trial court signed a final judgment in accordance with its oral rulings. Plaintiffs appeal, raising the following assignments of error:

(1)     The District Court erred in finding that Greenwich Insurance Company carried its burden of proving that its insured, Cardinal Health, Inc., validly waived uninsured motorist coverage. Specifically, Greenwich failed to meet its burden of proving

that Martin B. Smith had clear authority to execute the UM Waiver of behalf of Cardinal Health, Inc.

(2) The exhibits offered by Greenwich at summary judgment failed to establish the requisite proof under Louisiana law to support its entitlement to judgment as a matter of law.

## LAW AND DISCUSSION

After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3). The summary judgment procedure is favored and is designed to secure the just, speedy, and inexpensive determination of every action. La. C.C.P. art. 966(A)(2).

The burden of proof is on the mover. La. C.C.P. art. 966(D)(1). Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion, the mover's burden does not require that all essential elements of the adverse party's claim, action, or defense be negated. Rather, the mover must point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, the adverse party must produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. La. C.C.P. art. 966(D)(1). If, however, the mover fails in his burden to show an absence of factual support for one or more of the elements of the adverse party's claim, the burden never shifts to the adverse party, and the mover is not entitled to summary judgment. *Succession of Hickman v. State Through Bd. of Supervisors of Louisiana State Univ. Agricultural and Mechanical College*, 2016-1069 (La. App. 1 Cir. 4/12/17), 217 So. 3d 1240, 1244.

In determining whether summary judgment is appropriate, appellate courts review evidence *de novo* under the same criteria that govern the trial court's

4

determination of whether summary judgment is appropriate. *Reynolds v. Bordelon*, 2014-2371 (La. 6/30/15), 172 So.3d 607, 610. Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case. *Succession of Hickman*, 217 So. 3d at 1244.

Louisiana Revised Statutes 22:1295 governs the issuance of uninsured/underinsured motorist coverage in this state. The requirements for the rejection of such coverage are set forth in La. R.S. 22:1295(1)(a)(ii), which provides as follows:

> Such rejection, selection of lower limits, or selection of economic-only coverage shall be made only on a form prescribed by the commissioner of insurance. The prescribed form shall be provided by the insurer and signed by the named insured or his legal representative. The form signed by the named insured or his legal representative which initially rejects such coverage, selects lower limits, or selects economic-only coverage shall be conclusively presumed to become a part of the policy or contract when issued and delivered, irrespective of whether physically attached thereto. A properly completed and signed form creates a rebuttable presumption that the insured knowingly rejected coverage, selected a lower limit, or selected economic-only coverage. The form signed by the insured or his legal representative which initially rejects coverage, selects lower limits, or selects economic-only coverage shall remain valid for the life of the policy and shall not require the completion of a new selection form when a renewal, reinstatement, substitute, or amended policy is issued to the same named insured by the same insurer or any of its affiliates. An insured may change the original uninsured motorist selection or rejection on a policy at any time during the life of the policy by submitting a new uninsured motorist selection form to the insurer on the form prescribed by the commissioner of insurance. Any changes to an existing policy, regardless of whether these changes create new coverage, except changes in the limits of liability, do not create a new policy and do not require the completion of new uninsured motorist selection forms. For the purpose of this Section, a new policy shall mean an original contract of insurance which an insured enters into through the completion of an application on the form required by the insurer.

The object of uninsured/underinsured motorist insurance is to provide full recovery for automobile accident victims who suffer damages caused by a tortfeasor who is not covered by adequate liability insurance. *Duncan v. U.S.A.A.*

5

*Ins. Co.*, 2006-363 (La. 11/29/06), 950 So. 2d 544, 547. The uninsured/under-insured motorist statute is to be liberally construed and the statutory exceptions to coverage must be interpreted strictly. *Id.* In accordance with this strict construction requirement, the insurer bears the burden of proving any insured named in the policy rejected in writing the coverage equal to bodily injury coverage or selected lower limits. *Id.*

Initially, we address plaintiffs' argument that the trial court erred in denying their motion to strike on the basis that Exhibits B-1 and C offered by Greenwich in support of its motion for summary judgment were not proper summary judgment evidence as required by La. C.C.P. art. 966(A)(4). The only documents that may be filed in support of or in opposition to the motion are pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, written stipulations, and admissions. La. C.C.P. art. 966(A)(4). Louisiana Code of Civil Procedure Article 966(A)(4) contains "the exclusive list of documents that may be filed in support of or in opposition to a motion for summary judgment" and it "intentionally does not allow the filing of documents that are not included in the exclusive list ... unless they are properly authenticated by an affidavit or deposition to which they are attached." La. C.C.P. art. 966, 2015 Official Revision Comment (c); *Tate v. Kristina's Transportation, LLC*, 2018-0955 (La. App. 1 Cir. 12/21/18), 2018 WL 6716972, *3 (unpublished). Louisiana Code of Civil Procedure Article 967(A) provides that supporting affidavits shall be made on personal knowledge of the affiant, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.

Where business records are concerned, the courts have deemed La. C.C.P. art. 967 satisfied when the affiant is qualified to identify the business records as such. *Bank of America, N.A. v. Green*, 52,044 (La. App. 2 Cir. 5/23/18), 249 So. 3d

6

219, 222. Where the affiant is familiar with the account and business records, it is not necessary for the affiant to show that he personally prepared the business records or that he had direct, independent, first-hand knowledge of their contents. *Regions Bank v. Louisiana Pipe & Steel Fabricators, LLC*, 2011-0839 (La. App. 1 Cir. 12/21/11), 80 So. 3d 1209, 1213.

Exhibit B-1 is a Louisiana Uninsured/Underinsured Motorist Bodily Injury Coverage Form signed by "Martin B. Smith for Cardinal Health, Inc." dated "6/11/12." It is attached to Exhibit B, the affidavit of Mr. Smith. In the affidavit, Mr. Smith attests that he was employed by Cardinal Health from June 2005 to December 2014, and that as a result of his position, he has personal knowledge of the matters set forth in his affidavit. According to Mr. Smith, in 2005, Greenwich issued a policy of automobile insurance to Cardinal Health with the policy number RAD9437168. Mr. Smith attested that on April 30, 2015, Greenwich policy number RAD9437168-09 was in full force and effect and was in its ninth renewal, reflected by the addition of the number "nine" at the end of the original policy number. Mr. Smith further attested that on June 11, 2012, he executed a State of Louisiana Uninsured/Underinsured Motorist Bodily Injury Coverage Form on behalf of Cardinal Health regarding the Greenwich policy number RAD9437168-07. According to Mr. Smith, Greenwich policy number RAD9437168-07 was in its seventh renewal, reflected by the addition of the number "seven" at the end of the original policy number. Mr. Smith attested that through the State of Louisiana Uninsured/Underinsured Motorist Bodily Injury Coverage Form for the Greenwich policy number RAD9437168-07, he rejected, on behalf of Cardinal Health, all uninsured/underinsured motorist coverage. Mr. Smith further attested that on June 11, 2012, in his position as the Director of Risk Management for Cardinal Health, he had authority to bind the automobile insurance coverage for Cardinal Health and had authority to decline uninsured/underinsured coverage on behalf of

7

Cardinal Health. Finally, Mr. Smith identified the Louisiana Uninsured/Under-insured Motorist Bodily Injury Coverage Form attached to his affidavit as having been made and executed by him.

Because the Louisiana Uninsured/Underinsured Rejection Form executed by Mr. Smith on June 11, 2012 (Exhibit B-1) was attached to an affidavit that complied with La. C.C.P. art. 967, we find that the document was properly considered by the trial court pursuant to La. C.C.P. art. 966(A)(4) in support of Greenwich's motion for summary judgment.

Exhibit C is Greenwich policy number RAD9437168-09. The policy by itself is not a document allowed by La. C.C.P. art. 966(A)(4) to be filed in support of a motion for summary judgment. See *Tate*, 2018 WL 6716972, *4. It is attached to the "Certificate" of Gregory Lynch, which is in affidavit form as it was sworn to and subscribed before a notary public. Mr. Lynch attested as follows:

> I, Gregory Lynch, Assistant Secretary of Greenwich Insurance Company, do hereby certify that, upon my information and belief, the attached is a true and correct copy of policy number RAD943716809 issued to Cardinal Health, Inc., effective June 30, 2014 through June 30, 2015.

While Mr. Lynch states that he is the assistant secretary of Greenwich, he fails to establish that this position provides him with personal knowledge of Cardinal Health's account or Greenwich's business records. Cf. *Regions Bank*, 80 So. 3d 1209, 1213 (finding bank's vice president's summary judgment affidavit sufficient under La. C.C.P. art. 967, where he testified based on his personal knowledge of the subject account and review of the records). Thus, we find that Mr. Lynch's affidavit does not satisfy the requirements of La. C.C.P. art. 967(A) because it does not establish that it was made on his personal knowledge or show affirmatively that he is competent to testify to the matters stated therein. Accordingly, Greenwich policy number RAD9437168-09, attached to the motion for summary judgment as Exhibit C, is not competent summary judgment

8

evidence, should not have been considered by the trial court in support of Greenwich's motion for summary judgment, and will not be considered by this court on *de novo* review. <u>See</u> *Unifund CCR Partners v. Perkins*, 2012-1851 (La. App. 1 Cir. 9/25/13), 134 So. 3d 626, 632.

Having addressed the documents that may be considered, we now turn to the merits of Greenwich's motion for summary judgment. Greenwich's initial burden on the motion for summary judgment was to establish that it had a properly completed and signed Uninsured/Underinsured Rejection Form, as prescribed by the commissioner of insurance, in which the named insured in the policy, Cardinal Health, knowingly rejected coverage.

Plaintiffs argue that a genuine issue of material fact exists regarding the continued viability and effectiveness of the 2012 waiver form because Greenwich offered no evidence to establish that the policy limits were not changed. The waiver form in this case is dated June 11, 2012, and references policy number RAD9437168-07, which was not the policy in force on the date of Mrs. Durand's accident.

Louisiana Revised Statutes 22:1295(1)(a)(ii) specifically addresses when a new uninsured/underinsured motorist selection form must be completed, and provides, in pertinent part, as follows:

> The form signed by the insured or his legal representative which initially rejects coverage ... shall remain valid for the life of the policy and shall not require the completion of a new selection form when a renewal, reinstatement, substitute, or amended policy is issued to the same named insured by the same insurer or any of its affiliates. ... Any changes to an existing policy, regardless of whether these changes create new coverage, **except changes in the limits of liability**, do not create a new policy and do not require the completion of new uninsured motorist selection forms. (Emphasis added.)

In his affidavit, Mr. Smith attested that at the time of Mrs. Durand's accident, Cardinal Health was covered by Greenwich policy number RAD9437168-09, which was the ninth renewal of the policy issued by Greenwich

to Cardinal Health in 2005. He further attested that Greenwich policy number RAD9437168-07 was the seventh renewal of the policy issued by Greenwich to Cardinal Health in 2005. However, Mr. Smith did not address whether there had been any changes in the limits of liability since the time he executed the Uninsured/Underinsured Rejection Form, which would have required the execution of a new uninsured/underinsured motorist selection form. Moreover, Mr. Smith left employment with Cardinal Health in December 2014, and would not be a competent affiant in regard to any changes in the policy after that time. Therefore, we are unable to determine from the evidence whether the June 11, 2012 Uninsured/Underinsured Rejection Form executed in connection with Greenwich policy number RAD9437168-07 remained valid for Greenwich policy number RAD9437168-09. Cf. *Vitelaro v. Zanca*, 2015-1365 (La. App. 4 Cir. 6/22/16), 195 So. 3d 1259, 1263 (holding that insurer established through unrefuted affidavit testimony that there had been no change in the limits of liability of the policy and therefore previous Uninsured/Underinsured Rejection Form remained valid for the renewal period in question). Thus, we find that the trial court erred in granting the motion for summary judgment.

## CONCLUSION

For the foregoing reasons, we reverse the July 22, 2019 judgment of the trial court granting a summary judgment in favor of Greenwich Insurance Company, and remand for further proceedings. Costs of this appeal are assessed to Greenwich Insurance Company.

**REVERSED AND REMANDED.**

10