STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

19-877

GYPSUM SUBFLOORS, INC.

VERSUS

DDG CONSTRUCTION, INC.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 17-C-5162-C
HONORABLE ALONZO HARRIS, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

VAN H. KYZAR
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, John E. Conery, and Van H. Kyzar, Judges.

AFFIRMED.

Michael E. Parker
Allen & Gooch, A Law Corporation
P. O. Drawer 81129
Lafayette, LA 70598-1129
(337) 291-1000
COUNSEL FOR DEFENDANT/APPELLANT:
    DDG Construction, Inc.

Frank W. Lagarde Jr.
Amanda L. Sullivan
4141 Veterans Memorial, Suite 212
Metairie, LA 70002
(504) 885-3332
COUNSEL FOR PLAINTIFF/APPELLEE:
    Gypsum Subfloors, Inc.

**KYZAR, Judge.**

The defendant, DDG Construction, Inc., appeals from a default judgment granted in favor of the plaintiff, Gypsum Subfloors, Inc., for the sum of $33,541.00, together with $1,791.25 in attorney fees, legal interest, and court costs. For the reasons set forth, we affirm the decision of the trial court.

## FACTS AND PROCEDURAL HISTORY

Gypsum Subfloors, Inc. (Gypsum) filed a suit on open account against DDG Construction, Inc. (DDG) on November 21, 2017. Therein, it alleged that DDG had an open account with it for services rendered and goods sold, delivered, and actually used in the construction of a Hampton Inn hotel being built in Opelousas, Louisiana, in the amount of $33,541.00. Gypsum asserted that once it completed its construction work at the hotel, it made repeated requests to DDG for payment of the balance due on the open account. It further alleged that it sent DDG three demand letters via certified mail, but that DDG never responded. Gypsum alleged that as more than thirty days had passed since DDG's receipt of the demand letters, it was liable for reasonable attorney fees, as well as legal interest, court costs, expert witness fees, and deposition costs.

Attached to Gypsum's petition were several documents: a handwritten form entitled "New Job Info Form," referencing job number G-1541; a May 10, 2016 letter to DDG from Gypsum's project manager, Michael Cook, referring to Gypsum's bid on DDG's construction project; two invoices entitled "SUBCONTRACTOR APPLICATION AND APPROVAL FOR PAYMENT," each dated January 9, 2017; copies of three demand letters sent by Gypsum to DDG; and a November 9, 2017 verification signed by Bruce Montreuil, Gypsum's president. DDG did not answer Gypsum's suit.

On August 26, 2018, Gypsum moved for a preliminary default against DDG, which was granted that same day. On October 25, 2019, it filed a motion to confirm the preliminary default against DDG. Attached to its motion were affidavits of facts and non-military service, both by Mr. Montreuil, and an affidavit by Gypsum's counsel, indicating that Gypsum had incurred $1,791.25 in attorney fees in prosecuting this matter. On October 25, 2019, a judgment confirming the preliminary default, pursuant to La.Code Civ.P. art. 1702.1, was rendered by the trial court, awarding Gypsum $33,541.00, as well as legal interest from the date of judicial demand, $1,791.25 in attorney fees, and all court costs. DDG has suspensively appealed from this judgment.

On appeal, DDG raises one assignment of error, in the form of an issue presented for review:

Was the default judgment based upon Code of Civil Procedure [A]rticle 1702.1, which allows for a judgment to be entered without testimony, properly entered against DDG Construction, Inc. when the documentation presented in support of the default judgment was insufficient?

After DDG filed its appellate brief on January 29, 2020, Gypsum's counsel notified the St. Landry Parish Clerk of Court that its November 25, 2020 motion to confirm its preliminary default was not included in the appeal record of this matter. Thus, it requested that its motion to confirm and the accompanying exhibits be supplemented to the appeal record. The supplemental record was received by this court on February 14, 2020. As a result, the parties were allowed additional time to file supplemental briefs. DDG asserted the same issue presented for review in its supplemental appellate brief.

**OPINION**

Appellate review of a confirmation of preliminary default is restricted to a determination of whether the record contains sufficient evidence to support a *prima*

2

*facie* case. *Arias v. Stolthaven New Orleans, L.L.C.*, 08-1111 (La. 5/5/09), 9 So.3d 815; *Kidder v. Statewide Transport, Inc.*, 13-594 (La.App. 3 Cir. 12/18/13), 129 So.3d 875. This is a factual determination governed by the manifest error standard of review. *Arias*, 9 So.3d 815.

As stated by the supreme court in *Arias*, the process for obtaining a preliminary default is "uncomplicated" and may be obtained by a plaintiff, by either oral or written motion, if a defendant fails to answer or file other pleadings in response to the their petition within the time allowed by law. *Id.* at 819; La.Code Civ.P. art. 1701(A). Preliminary default is evidenced by an entry in the minutes of the court. *Id.* Confirmation may occur after two days, exclusive of legal holidays, from the date of the preliminary default provided that no answer or other pleading has been filed by the defendant. La.Code Civ.P. art. 1702(A). Pursuant to La.Code Civ.P. art. 1702(B)(3), "When the sum due is on an open account . . . an affidavit of the correctness thereof shall be prima facie proof."

Despite the defendant's failure to answer or file other pleadings, the plaintiff's proof and evidentiary requirements are not relaxed. The rules of evidence apply "in proceedings to confirm a default judgment." La.Code Evid. art. 1101(A). The plaintiff "must prove both the existence and the validity of his claim[]" by establishing a *prima facie* case. *Arias*, 9 So.3d at 820.

> The elements of a prima facie case are established with competent evidence, as fully as though each of the allegations in the petition were denied by the defendant. In other words, the plaintiff must present competent evidence that convinces the court that it is probable that he would prevail at trial on the merits. . . .
>
> . . ."Because at a default confirmation there is no objecting party, to prevent reversal on appeal, both plaintiff and the trial judge should be vigilant to assure that the judgment rests on admissible evidence" that establishes a prima facie case. George W. Pugh, Robert Force, Gerald A. Rault, Jr., & Kerry Triche, *Handbook on Louisiana Evidence Law* 677 (2007). Thus, inadmissible evidence, except as specifically provided by law, may not support a default judgment even though it

3

was not objected to because the defendant was not present. 19 Frank L. Maraist, *Civil Law Treatise: Evidence and Proof* § 1.1, at 5 (2d ed.2007).

There is a presumption that a default judgment is supported by sufficient evidence, but this presumption may be rebutted by the record upon which the judgment is rendered. *Ascension Builders, Inc. v. Jumonville*, 262 La. 519, 527, 263 So.2d 875, 878 (1972).

*Id.*

As Gypsum's claim was based on an open account and includes a request for attorney fees, the provisions of La.R.S. 9:2781 are also implicated. Louisiana Revised Statutes 9:2781(A) allows a plaintiff to recover reasonable attorney fees in a judgment based on an open account if the defendant, after written demand correctly setting forth the amount owed, fails to satisfy the open account balance within thirty days of the date notice was sent. An "'open account' includes any account for which a part or all of the balance is past due, whether or not the account reflects one or more transactions and whether or not at the time of contracting the parties expected future transactions." La.R.S. 9:2781(D). In *Sessions & Fishman v. Liquid Air Corp.*, 616 So.2d 1254, 1258 (La.1993) (footnote omitted), the supreme court further set forth the proof required of a plaintiff when asserting a claim based on a sum due on open account:

In setting forth the proof required to confirm a default when the demand is for a sum due on an open account, the legislature provided that prima facie proof is shown by an affidavit of the correctness thereof. LSA-C.C.P. art. 1702(B)(3). "Thereof" simply means "of it." In this context, the affidavit of correctness refers to the validity of the account, i.e. the "correctness" of the sum due. This provision does away with the necessity of taking testimony in order to establish the validity of the account. The existence of the claim, however, is supported by a statement of the account or invoices. Thus, in order to establish both the existence and the validity of a demand for a sum due on an open account, it is necessary for a plaintiff to present evidence of the account itself and an affidavit, or testimony, attesting to its correctness.

Therein, the supreme court referenced two opinions addressing affidavits filed in support of summary judgment motions under La.Code Civ.P. art. 967(A), which

4

we find equally applicable to affidavits utilized for confirmation of preliminary defaults in open account claims:

> Due to this finding, we do not consider Liquid Air's argument that the Strayhan affidavit was insufficient as not based on personal knowledge. *But see Vermilion Corp. v. Vaughn*, 397 So.2d 490 (La.1981) and *Barnes v. Sun Oil Co.*, 362 So.2d 761 (La.1978) (requirements of personal knowledge for affidavits used to support motions for summary judgment).

*Id.* at 1262 nt.14.

In the context of summary judgment procedure, an affidavit must be based on personal knowledge, set forth facts admissible in evidence, and affirmatively show that the affiant is competent to testify to the matters to which he attests. La.Code Civ.P. art. 967(A). Personal knowledge is based on what the affiant actually saw or heard, as opposed to what he learned second hand from another source. *Parker v. Schneider*, 14-232 (La.App. 4 Cir. 10/1/14), 151 So.3d 679. Conclusory statements about an affiant's competency or personal knowledge do not satisfy La.Code Civ.P. art. 967(A). *Barnes v. Sun Oil Co.*, 362 So.2d 761 (La.1978); *Capital One Bank (USA), NA v. Sanches*, 13-3 (La.App. 4 Cir. 6/12/13), 119 So.3d 870.

> [Louisiana Code of Civil Procedure] Article 967's requirement of personal knowledge is not satisfied by the mere statement that the affidavit is made on "personal knowledge" since that would tend to make the affiant both judge and witness. *Benoit v. Burger Chef Systems of Lafayette, Inc.*, 257 So.2d 439, 441 (La.App. 1 Cir.1972). The requirement that the affidavit show affirmatively that the affiant is competent to testify to the matters stated therein enables the court to make a determination as to the competency of the affiant as a witness to the material fact at issue. *Benoit*, 257 So.2d at 441. An affirmative showing of competency cannot be established without a predicate showing of personal knowledge. Otherwise, personal knowledge may be based on hearsay or other incompetent evidence. *Benoit*, 257 So.2d at 441.

*Unifund CCR Partners v. Perkins*, 12-1851, p. 7 (La.App. 1 Cir. 9/25/13), 134 So.3d 626, 631-32.

Gypsum relied primarily on Mr. Montreuil's affidavit and the attachments referred to therein to prove its open account with DDG. Accordingly, he was

5

required to affirmatively show that his affidavit was based on personal knowledge, that the facts he set forth were admissible in evidence, and that he was competent to testify to the facts contained in his affidavit.

In his affidavit, Mr. Montreuil identified himself as Gypsum's president and stated that DDG was indebted to Gypsum in the amount of $33,541.00. He further stated that DDG "maintained an open account with [Gypsum] for services rendered, including labor, and/or goods sold, delivered and actually used for construction work done at the Hampton Inn" in the amount of $33,541.00. In support of this factual statement, Mr. Montreuil referenced the "itemized statement of account and/or invoices[,]" a copy of which he said was attached to Gypsum's petition as Exhibit A, which showed "that defendant has a balance of $33,541.00, excluding interest, court costs and/or attorney's fees (which is pled herein as if copied *in extenso*)[.]"

Based on the applicable law, we find that Mr. Montreuil's affidavit was sufficient to prove DDG's open account and its indebtedness. While it did not provide a direct statement that it was based on his personal knowledge, any such averment would be conclusory in any event. Mr. Montreuil, as Gypsum's president, was the very person who signed the invoices directed to DDG, which were incorporated by reference into his affidavit; thus, establishing his personal knowledge and familiarity with DDG's account.

The affidavits of a corporate president and vice-president have been recognized as being based on the personal knowledge of these officers, without any further supporting statements. *Chavers v. Bright Truck Leasing,* 06-1011 (La.App. 3 Cir. 12/6/06), 945 So.2d 838, *writ denied,* 07-304 (La. 4/5/07), 954 So.2d 141; *Schexnaildre v. State Farm Mut. Auto. Ins. Co.,* 15-272 (La.App. 1 Cir. 11/9/15), 184 So.3d 108; *Lafayette Elec. & Marine Supply, Inc. v. Abdon Callais Offshore, LLC,* 09-2277 (La.App. 1 Cir. 7/29/10), 44 So.3d 890; and *Jones v. Foster,* 41,619

6

(La.App. 2 Cir. 12/13/06), 945 So.2d 262. We find this conclusion equally applicable in the confirmation of a preliminary default. As generally considered, a president is "[t]he chief executive officer of a corporation or other organization[,]" and a chief executive officer is defined as "[a] corporation's highest-ranking administrator who manages the firm day by day and reports to the board of directors." BLACK'S LAW DICTIONARY 1203, 232 (7th ed. 1999).

Mr. Montreuil's affidavit further verified the balance DDG owed Gypsum as $33,541.00 and that Gypsum delivered the materials to the project and completed the work on the Hampton Inn project forming the basis for the account balance. As corporate president, and the party signing the invoices, Mr. Montreuil had the requisite personal knowledge, and he established through his affidavit that he had the competency to attest to the matters set forth in his affidavit. Accordingly, we find that Mr. Montreuil's affidavit was competent evidence upon which the trial court could render judgment confirming the preliminary default in Gypsum's favor.

The provisions of La.Code Civ.P. art. 1702.1 also control when a plaintiff seeks to confirm, without a hearing in open court, a preliminary default based on an open account. Thus, in addition to the legal proof required to prove a sum due on open account, a plaintiff must provide a written motion for confirmation of preliminary default, a proposed final default judgment, and a certification that the suit is on open account. La.Code Civ.P. art. 1702.1(A). Pursuant to La.Code Civ.P. art. 1702.1(B), the certification that the suit is on an open account shall indicate, in the style of an itemized form, "the type of service made on the defendant, the date of service, and the date a preliminary default was entered[.]" The certification shall also include "a certification by the clerk that the record was examined by the clerk, including therein the date of the examination and a statement that no answer or other

7

pleading has been filed within the time prescribed by law or by the court." La.Code Civ.P. art. 1702.1(B).

We find that Gypsum complied with the provisions of La.Code Civ.P. art. 1702.1, in confirming, without a hearing in open court, its preliminary default claim for a sum due on an open account. Gypsum provided a written motion for confirmation of preliminary default, a proposed final default judgment, and a certification that the suit is on open account in the form of an affidavit by Mr. Montreuil, along with the requisite affidavit by Gypsum's counsel. Each of the requisites of La.Code Civ.P. art. 1702.1 were complied with, although the clerk's certification that no answer was filed by the defendant within the delay provided by law, was filed with Gypsum's motion for preliminary default, rather than with its motion to confirm the preliminary default. However, this court has held that the plaintiff's failure to include the La.Code Civ.P. art. 1702.1 certification in their confirmation motion does not render a default judgment invalid as long as the appropriate documentation proving the plaintiff's claim is found in the record. *Sun Coast Contracting Servs., Inc. v. Dien's Auto Salvage, Inc.*, 14-307 (La.App. 3 Cir. 10/1/14), 148 So.3d 964, *writ denied*, 14-2432 (La. 2/13/15), 159 So.3d 465. In this case, the record included the certification by the clerk meeting this requisite.

We further find that the affidavit of Gypsum's counsel, together with the demand letters, invoices, and other attachments, supports the award of attorney fees as permitted by La.R.S. 9:2781(A). Accordingly, we find no merit in DDG's assignment of error, and the judgment of the trial court confirming Gypsum's preliminary default is affirmed.

## DISPOSITION

The judgment of the trial court is affirmed. The costs of this appeal are assessed to DDG Construction, Inc.

8

**AFFIRMED.**